BOWMAN *vs.* THE TROY AND BOSTON RAIL ROAD COMPANY.

One who voluntarily suffers his cow to go at large in the public street of a city, with no one to take charge of her, and to stray upon a rail road track therein, at a time when cars are passing, is guilty of carelessness, and hence cannot recover for injuries to the cow, happening through the negligence of the rail road company, not amounting to gross negligence.

THIS was an appeal by the defendant from a judgment of the Rensselaer county court. The action was originally commenced before a justice of the peace, to recover the value of a cow belonging to the plaintiff killed by the train of cars of the defendant upon its road, in October, 1854. The plaintiff claimed to recover, upon the ground that the defendant negligently and carelessly ran over and killed the cow. The

defendant in its answer denied the carelessness and negligence alleged, and averred that the cow was unlawfully and improperly at large and trespassing upon the defendant's rail road, and obstructing the defendant's right to run its cars, &c.

It appeared upon the trial before the justice, that the plaintiff's cow was killed while on a public street in the city of Troy, upon or near the rail road track where the train passed. The cow was standing on the track alone and unattended. Some one drove her off, and she came back on the track just forward of the engine. The train was moving at the rate of from four to six miles an hour. The defendant moved for a nonsuit, upon the ground that the evidence showed that the plaintiff was guilty of negligence, and the justice overruled the motion. The case was submitted to the jury, who found a verdict in favor of the plaintiff for sixty-five dollars, the value of the cow. Upon appeal to the county court the judgment was affirmed, and the defendant appealed to the supreme court.

*C. H. Denio,* for the appellant.

*W. A. Beach,* for the respondent.

*By the Court,* MILLER, J. The only question arising in this case is whether the wrongful act of the plaintiff contributed to produce the injury complained of. At common law the owner of cattle was bound at his peril to keep them on his own premises, and if they escaped he was liable, in an action of trespass, for damages, at the suit of the party injured. The owner has also a right for the passage of his cattle over and upon a highway, using ordinary and proper care and diligence in driving, and if they stray out of his sight and pass, against his will, into uninclosed land adjoining the highway, he making fresh pursuit to bring them back, he would not be chargeable for this involuntary tres-

pass on the land, nor for the herbage the cattle may crop *raptim et sparsim* as they go along. (*The Tonawanda Rail Road Co.* v. *Munger*, 5 *Denio*, 255.) In the case cited, which was affirmed in the court of appeals, (4 *Comst.* 349,) it was held that a rail road company was not liable for negligently running an engine upon and killing the cattle of the plaintiff, which had come from the highway upon the track of the rail road, though there was no physical obstruction to prevent their entering. This decision was made upon the ground that the wrongful act of the plaintiff co-operated with the misconduct of the defendant to produce the damage complained of. (*See also Terry* v. *N. Y. Central Rail Road Co.*, 22 *Barb.* 574, *and authorities there cited.*)

Since the passage of the general rail road act, it has been held that a rail road corporation which omits to comply with the statute as to erecting fences and cattle guards, is liable to the owner of the cattle which stray upon the track from an adjoining close, or the highway crossing it, and are there injured by the engines of the company; although they were not lawfully in such close or highway. In such case the mere negligence of the owner in permitting his cattle to run at large in the highway which crosses it, is not a defense to the corporation. (*Corwin* v. *The New York and Erie Rail Road Co.*, 13 *N. Y. Rep.* 42.) In that case the company had neglected to make fences and cattle guards, and it was held that the statute was not to be regarded as merely a regulation respecting division fences between the lands of the rail road corporations and those of adjoining proprietors; but that it was rather to be considered as providing a safeguard for the protection of the lives of persons traveling by rail road and the property in animals which citizens in the vicinity of those roads may own. The provisions of the general rail road act of 1848, requiring companies to construct and maintain cattle guards at all rail road crossings, sufficient and suitable to prevent cattle and animals from getting on the rail road, does not however apply to streets in cities and

villages. (*Vanderkar* v. *The Rensselaer and Saratoga Rail Road Co.*, 13 *Barb.* 390. *Parker* v. *The Rensselaer Rail Road*, 16 *id.* 315.) The principle decided in the case of *Corwin* v. *The New York and Erie Rail Road Co.*, (13 *N. Y. Rep.* 42,) therefore, does not affect the case under consideration. The question then recurs, was the plaintiff in fault in suffering his cow to be at large in the public street and on the track of the rail road? The cow was apparently alone and unattended, with no one to take charge of her, in a public street of a city, on a rail road track, at a time when the cars were passing. It does not appear that she was in the vicinity of the plaintiff's residence, or had been previously taken care of by the plaintiff, or had escaped without his fault; nor is it shown that the cow was lawfully traveling along the street to or from the place where she was usually kept and provided for.

Although the plaintiff had a right to use the street for the passage of his cow, exercising due diligence, there is no evidence that she was driven along for that purpose by the owner or his servant. Neither is there any evidence in the case from which an absence of carelessness or negligence may be fairly inferred. The plaintiff was guilty of negligence in suffering the cow to be at large and astray upon the rail road track.

In *Hartfield* v. *Roper*, (21 *Wend.* 622,) Justice Bronson, in delivering the opinion of the court, says: "The illustration sought to be derived from the law in respect to the injury to animals turned or suffered to stray into the street, does not strike me as fortunate. If they be there without any one to attend and take care of them, that is a degree of carelessness in the owner which would preclude his recovery of damages arising from mere inattention on the side of the traveler. Indeed, it could rarely be said that animals entirely unattended are lawfully in the roads or streets at all. They may be driven along the road by the owner or his servants, but if allowed to run at large for the purpose of graz-

ing, or any other purpose, entirely unattended, and yet travelers are to be made accountable in case of collision, such a doctrine might supersede the use of the road, so far as comfort and expedition is concerned." In *Halloran* v. *The New York and Harlem Rail Road Co.*, (2 *E. D. Smith*, 257,) it was held that, "A person who voluntarily suffers his horse to go at large upon the public streets and stray upon the rail road, cannot recover for injuries to the horse happening through the negligence of the rail road company." Applying the principle of the authorities cited to the case under consideration, it is very apparent that the plaintiff was guilty of carelessness. He was in fault. His own act and negligence contributed to produce the injury complained of, and caused the death of the cow; and there is no evidence of gross negligence on the part of the defendant.

The judgments of the justice, and of the county court, were erroneous, and should be reversed.

[ALBANY GENERAL TERM, March 3, 1862. *Hogeboom, Peckham* and *Miller*, Justices.]