ALLENDER v. THE C. R. I. & P. R. Co.

1. **Railroads:** NEGLIGENCE: DIRECTIONS TO PASSENGERS. A railway company is bound to exercise due care in providing for its passengers while they are waiting for its trains, and it is liable for the consequences of a neglect to properly direct them respecting the mode of entering its cars.

2. ———: DUTY TO PASSENGER. Whether or not it is the duty of a railway company's employes to assist a passenger in getting upon a car must be determined by the circumstances of each particular case, and therefore the question may be left to the jury.

3. ———: ———. If the company's employes permit or direct passengers to enter the car at some other place than the platform or place provided for such purpose, they are held to the utmost care in avoiding injuries to the passengers.

4. ———: INSTRUCTIONS TO PASSENGER. It must be determined in view of all the circumstances of the case, whether an employe of a railway company, after directing a passenger how to enter a car situated at a distance from the platform, had a right to suppose that his instructions were understood.

5. ———: ———: INSTRUCTION. It is not competent for the court to instruct the jury, as a matter of law, that it was the duty of the passenger who had been so directed, but failed to comprehend the directions, to return and ask further information of the employe who was already aware of the passenger's inexperience and ignorance.

*Appeal from Keokuk Circuit Court.*

WEDNESDAY, JUNE 7.

THIS is an action to recover for personal injuries sustained by plaintiff as a passenger on defendant's road. The cause was tried at the August term, 1872, of the Jefferson Circuit Court, and judgment was rendered for plaintiff for five thousand dollars. At the December term, 1873, of this court, the judgment was reversed, and the cause was remanded for a new trial. On the 7th day of April, 1874, the venue was changed to the Keokuk Circuit Court. At the May term, 1874, of said court the cause was again tried, and a verdict was returned, and judgment was rendered for plaintiff for five thousand five hundred dollars. The defendant appeals.

For a full statement of the facts reference is made to the opinion upon the former appeal, 37 Iowa, 269.

*Cook, Richman & Bruning*, for appellant.

. The rule with respect to the negligence charged is, that if in assisting a passenger to actually enter a car an agent cause injury to a passenger, the employer is liable even if it was not the duty of the agent to render such assistance, or if the agent gives directions as to the mode of entering and is negligent in that, the employer is liable. (Shearm. & Redf. on Neg., § 275.)

*McCoid & Heron*, for appellee.

DAY, J.—I.   It is urged with much earnestness that the verdict is not supported by the evidence, and it is claimed that the testimony differs materially from that produced upon the former trial.   While it is true that the evidence is not identical with that before submitted, it is in all substantial and material respects the same.   Upon the former appeal we examined the testimony with care, and held that it was sufficient to warrant the jury in finding that the plaintiff was injured by the negligence of defendant, and that she did not, by her failure to exercise ordinary care, contribute to the injury.   With that conclusion we are still content.   And we discover nothing in the case as now presented, which should lead to a different result.

II.   The defendant assigns as error the giving of the following instruction:   "It is the duty of a railroad company to **1. RAILROADS:** use due care, not only in conveying its passengers **negligence: directions to passengers.** upon the journey, but also in all preliminary matters, such as their reception into the car, and their accommodation while waiting for it, and, whether bound to render assistance in taking passengers aboard its cars or not, it is liable for the consequences of negligence in giving directions to passengers as to the mode of entering."

This instruction was given upon the former trial, and, on the appeal therefrom, its abstract correctness was impliedly conceded, but it was claimed that it was inapplicable to the issues.   See 37 Iowa, 272.

The objections to this instruction upon the second trial, incorporated into the motion for a new trial, and now urged, are "because it does not inform the jury as to when or under what circumstances the defendant would be bound to render assistance in taking passengers to its cars; it leaves it to the jury to infer that a railroad company is in law bound to render such assistance; gives no explanation as to the circumstances which might demand such assistance, if at all; leaves it as a question of law to the jury, and tends to mislead the jury."

It is evident that these objections misconceive the purpose and effect of the instruction. The court does not, in this instruction, direct the jury, or lead them to infer that, under any circumstances, the defendant is required to render assistance in taking passengers aboard its cars. This question is expressly left undetermined. But the jury are told that the defendant is liable for the consequences of negligence in giving directions to passengers as to the mode of entering.

The correctness of this direction does not admit of serious question, and it is not presented by the objections contained in the motion for new trial.

III.   Appellant assigns as error the giving of the following instruction: " Whether it was the duty of defendant's agent 2. ⸻: duty to have assisted plaintiff in getting on the car, is to passenger. a question for you to determine (from the instructions here given), from the evidence in the case; and, to this end, it is proper for you to consider the train and the car, their distance from the platform and depot, the facility with which access could be had, the sex, age and inexperience of the plaintiff, if these were known to defendant's agent, and all the facts and circumstances surrounding the case."

Upon the former appeal it was held that this instruction was not vulnerable to the objections then urged.   See 37 Iowa, p. 272.   The objection now urged to this instruction is not because of any error in the legal principle announced in it, but because it fails to state more.   The motion for a new trial states the objection as follows: "because it leaves to the jury, as a question of fact, whether or not defendant's agents were

bound to assist plaintiff in getting on the cars, without indicating to the jury what kind or amount of assistance is referred to; because the instruction does not refer to the assistance which actually was rendered in this case by defendant's agent to plaintiff; and because the court fails to inform the jury in such instruction or in any of its instructions in this case as to the effect of the plaintiff leaving the agent to suppose that he had given all the instructions and assistance which she required to enable her to go upon the the cars."

In the argument it is claimed that " the instruction is uncertain as to whether it means that the agent was to assist, as he did by giving directions and going part way, or whether he was to go to the car with her and assist her actually to enter it. It makes no reference whatever as to the assistance which the agent did render, but the radical defect is that the court nowhere instructs the jury upon the effect of plaintiff leaving the agent to suppose that she understood all the directions, and that he had given all the instructions and assistance which she required to enable her to enter the car."

We fail to discover in the instruction the ambiguity of which defendant complains. If, however, the jury understood the court to refer to the assistance rendered by the agent, the defendant sustained no prejudice, for the jury must then have found that defendant's agent did, what the court instructed it might, under some circumstances, be his duty to do. But it is evident to us that the court instructed the jury that they must determine from the evidence, whether it was the duty of the defendant's agent to do something which he did not do, and that the jury must have so understood the instruction. The objection, then, narrows itself to this, that in addition to the things which the court directed the jury it was proper for them to consider, as well as all the facts and circumstances surrounding the case, he should have told them they might consider something else. It is evident that if such an objection to an instruction is tenable, the court could never safely direct the attention of the jury to matters which might be taken into account in considering their verdict, for the ingenuity of counsel would always be able to suggest something which

might have been stated, and the statement of which would have been proper, which had been omitted.

IV. Appellant further assigns as error the giving of the following instruction: " When the carrier of passengers by s. ——: ——. railway does not receive passengers into the car at the platform erected for that purpose, and suffers or directs passengers to enter at out of the way places, it is its duty to use the utmost care in preventing accidents to passengers while entering. And if you find in this case that the defendant's agents were negligent, within the meaning of this instruction, and that plaintiff was injured thereby, still the question remains whether or not the plaintiff on her part contributed by her own negligence to the injury, and if you find she did so contribute she *cannot* recover. If she did not contribute she can recover." This instruction is the same as one given upon the former trial, omitting certain portions which were held inapplicable to the testimony.  The motion for a new trial objects to this instruction simply for what it does not contain. The consideration of the preceding instruction is applicable to this, and disposes of the objection presented. The instruction, in our opinion, is correct.

V. Defendant also assigns as error the refusal of the court to instruct the jury as follows: "It was the duty of defendant's station agent to give to parties desiring passage information as to the place and manner of entering cars, when so requested. If, in this case, you find that the agent did give such information to plaintiff, and that plaintiff started then to enter the caboose car, without asking for more particular information or direction, or assistance about going to the car, then the agent would have been justified in supposing that the plaintiff understood the direction sufficiently to enable her to go to the car and enter. And, if you find that plaintiff, in attempting to reach said car, could not do so, by reason of being confused or not understanding the directions, then she would have had the right to ask the agent for further information or assistance to enable her to reach the car. But if you find that she did not ask such further information or assistance, then she would not be justified,

without being directed to do so by any of defendant's agents, in going into a place which, to a person exercising common care and caution, would evidently appear to have been dangerous."

The instruction was properly refused. It might have been perfectly legitimate for defendant's counsel to urge upon the attention of the jury the matters embraced in this instruction, and to insist, as a matter of fact, that the agent was justified, under the circumstances, in supposing plaintiff understood the instructions, and in failing to give her further aid. But it cannot be declared as a matter of law, under the circumstances named, that defendant's agent was justified in entertaining such a belief. It is doubtful, indeed, whether the right of the agent to suppose his instructions were understood, is not always a question of fact; but if, under any circumstances, it could be declared to exist as a matter of law, it would be necessary to consider many things not enumerated in the instruction, such as the distance and situation of the car; the character of the way over which the route lay to it; the nature of the instructions given, whether clear and explicit, or confused and general; whether or not the manner of plaintiff indicated that she comprehended them, &c., &c.

Again, it was not competent for the court, as matter of law, to instruct the jury by implication that it was the duty of plaintiff to return from the caboose car, a distance of two hundred and fifty feet, to ask further information or assistance of an agent who had already been informed of her inexperience, and had been asked if the cars would not back up to the station, and who had contented himself with going with her to the middle track, and pointing out the caboose with his finger. What it was proper or becoming for the plaintiff to do was a question of fact for the jury.

*5. ——: ——: instruction.*

Further, the last part of the instruction is so drawn that it might have led the jury to understand the court to instruct that the plaintiff entered a place which would evidently appear dangerous to a person exercising common care and caution.

VI. The only remaining point urged is that the damages are excessive. We cannot upon that ground disturb the ver-

dict. The evidence tends to show that the plaintiff has sustained a serious permanent injury, subjecting her to great suffering and disqualifying her for some of life's duties. The verdict is not proportionately larger than those which have received the sanction of this court. See *Collins v. The City of Council Bluffs*, 35 Iowa, 433; *Sherman v. The Western Stage Co.*, 24 Iowa, 515; *Russ v. Steamboat War Eagle*, 14 Iowa, 363. The judgment is

AFFIRMED.