Schmid v. Humphrey.

---

## Schmid v. Humphrey.

1. **Damages:** FRIGHTENING HORSE: WORK ON SUNDAY. In an action for damages for injuries sustained by the plaintiff as the result of the frightening of his horse in the highway by the defendant's dogs, it was *held* that plaintiff's right to recover was not affected by the fact that the accident occurred on Sunday, while he was riding on a business errand.

2. ——— : ———. It was not essential to plaintiff's right to recover that the dogs should have bitten the horse, but it was sufficient if they ran after and barked at him.

*Appeal from Fayette Circuit Court.*

TUESDAY, JUNE 11.

THIS action was brought to recover damages for injuries recived by plaintiff while traveling on a highway, by reason of the defendant's dogs scaring a horse attached to a buggy in which the plaintiff was riding, and the plaintiff, being

frightened by the running and kicking of the horse, jumped
from the buggy and was greatly injured.

In addition to a general denial the defendant pleaded that
"plaintiff was, while riding, * * * at said time unlaw-
fully engaged in labor on the Sabbath, and that said labor
was not of necessity or charity."

There was a jury trial, verdict and judgment for the plain-
tiff, and defendant appeals.

*J. W. Rogers & Son* and *Samuel Murdock*, for appellant.

*Rickel & Clements*, for appellee.

SEEVERS, J.—I. The court instructed the jury as follows:
"If you find the plaintiff otherwise entitled to recover you are
instructed that the fact the accident occurred on
Sunday, while the plaintiff was riding on a busi-
ness errand, will not defeat his right to recover."

1. DAMAGES:
frightening
horse: work
on Sunday.

The statute provides: "If any person be found on the first
day of the week, commonly called Sabbath, engaged in any
riot, fighting, or offering to fight, or hunting, shooting, carrying
fire-arms, fishing, horse-racing, dancing, or in any manner
disturbing any worshiping assembly or private family, or in
buying or selling property of any kind, or in any labor, the
work of necessity or charity only excepted, every person so
offending shall be punished." Code, § 4072. Conceding the
plaintiff was engaged in labor, does it therefore follow he can-
not recover?

He is not seeking to enforce any contract which is prohib-
ited by law, nor is he seeking to enforce any right obtained
by the breach of any law. Suppose it be said the plaintiff
was doing something prohibited by law, but which in no man-
ner concerned the defendant, or disturbed him in any of his
rights or privileges, will it do in such a case to say that the
plaintiff is no longer under the protection of the law, and that
the defendant may with impunity, by the use of positive force or
through negligence, do him an injury, and that no civil liability

is incurred thereby? Can the defendant be permitted to set up as a defense the fact that the plaintiff was doing something prohibited by law which did not in fact directly contribute to the injury? We think not. We are not aware there is any distinction between an act committed, by which a wrong is perpetrated, and the omission to do something by reason of which the same result is reached. Therefore, if one is knocked down and robbed on the Sabbath, can the thought be entertained for a moment that the wrong-doer would not be civilly liable? His punishment, criminally, does not afford the injured party any redress.

It has been held that a trespasser may recover damages from one who sets spring guns on his premises in a negligent manner, whereby the trespasser is injured. *Bird v. Holbrook*, 4 Bing., 624; *Hooker v. Miller*, 37 Iowa, 613. And so may one who, while trespassing on the lands of another, is bitten by dogs. *Loomis v. Terry*, 17 Wend., 496. The fact that a person is a trespasser does not constitute him an outlaw, and warrant another in negligently or wantonly injuring him. For the trespass or wrong, whatever it may be, the wrong-doer is answerable to the offended law; but his rights as to other persons, and as to other transactions, cannot be affected by that circumstance. A person may be traveling when he has no right to, or in a way prohibited by law, or without the payment of toll when it may be lawfully demanded, or at a rate of speed forbidden by law, or on the wrong side of the road, or may have left his team standing in a street without keeping it under his command as the law may require, and in none of these cases does his right of action for an injury sustained by the negligent act of another depend on any of these circumstances, unless what he may have done *directly* contributed to the injury sustained. *Gates v. The B., C. R. & M. R. Co.*, 39 Iowa, 45.

The fact that the plaintiff was at the place at the time he was injured did not directly contribute thereto. As well might it be said if he had never come to Iowa, or been born,

he would not have been injured, and that, therefore, by reason of such facts he contributed to the injury. If one knocks another down and senseless, and while in that condition and two hours afterward he is robbed by another, the latter act could hardly be considered the proximate result of the former. So, here, the proximate cause of the injury was not because of the fact the plaintiff was quietly and peaceably passing along the highway. The attack made on him was not the legitimate result of his being in the highway at that time and place. If, on the contrary, he had been racing or hallooing, or making any noise or disturbance likely to attract attention, or invite attack by the dogs, a different question would be presented.

In Massachusetts, New York, and other States, traveling on the Sabbath is expressly prohibited, and in the former State it has been held that a person who travels on business or for pleasure cannot recover of a street railway company for injuries received in consequence of the negligence of the company while so traveling in their cars. *Stanton v. Metropolitan R. Co.*, 14 Allen, 485. The contrary doctrine is held in New York. *Carroll v. Staten Island R. Co.*, 58 N. Y., 126. In the former State it was held in *Gregg v. Wyman*, 4 Cush., 322, that the owner of a horse who let it on the Lord's day, to be driven for pleasure to a particular place, could not maintain an action of tort against the hirer for driving it to a different place, and in so doing injuring it.

This doctrine is repudiated in *Woodman v. Hubbard*, 25 N. H. (5 Foster), 67, and *Morton v. Gloster*, 46 Maine, 420, and it has been abandoned in Massachusetts, and *Gregg v. Wyman* expressly overruled in *Hull v. Corcoran*, 107 Mass., 251; and we cannot but regard *Bosworth v. Swansey*, 10 Met., 363, and other cases in that State, which hold that towns are not liable for injuries caused to one who is traveling on the Sabbath by reason of a defective highway, as much shaken by the ruling in *Hall v. Corcoran*. But whether this be so or not is not material, as it is barely possible that the liability of towns may depend on a different principle. If not, we are

prepared to say that such is not and cannot be the rule in this State.

The views herein expressed are sustained by *Bigelow v. Reed*, 51 Maine, 325; *Baker v. City of Portland*, 58 Id., 199; *Moheny v. Cook*, 26 Pa. St., 342; *Sutton v. Wauwatosa*, 29 Wis., 21; *Kerwhacker v. C., C. & C. R. Co.*, 3 Ohio St., 172; *Phil., Wil. & Balt. R. Co. v. Phil. Tow-boat Co.*, 23 How., 209.

II. The twelfth instruction has reference to the degree of care to be exercised by the plaintiff after the horse became frightened. The rule of the instruction is that he must have used ordinary care. The appellant insists that, under the circumstances of this case, he should have been held to the exercise of extraordinary care. But, conceding there is a practical difference between the two, there is nothing in this case which should take it out of the ordinary rule.

III. The appellant insists that the plaintiff's "negligence contributed to the injury;" "that plaintiff did not maintain his 2. ——:——. allegations of ownership or harboring the dogs by defendant;" "that the dogs were not proved vicious," and "that no attack was proved;" that is, as we understand, the dogs did not bite or attack the horse. We do not believe it essential that the dogs should have bitten the horse, but it is sufficient if they ran after and barked at him, and there was evidence so tending. The instructions as to the several matters above stated are not, we think, seriously questioned; but, if in error as to this, we have no hesitation in affirming their correctness. The real point made is that the evidence does not support the verdict. There was evidence tending to support each point necessary to be proved by the plaintiff, and we are unable to say the verdict is not sufficiently supported by the evidence.

AFFIRMED.