VANHORN v. THE BURLINGTON CEDAR RAPIDS & NORTHERN RAILWAY COMPANY.

1. **Railroads:** INJURY TO STOCK UNLAWFULLY RUNNING AT LARGE: LIABILITY OF COMPANY. Where plaintiff allowed her horses to run at large in violation of a city ordinance, and they strayed upon defendant's track, they became trespassers there, and for their injury by a passing train she cannot recover, unless she shows that defendant's employes were not only negligent, but guilty of reckless and wanton misconduct, in causing the injury.

*Appeal from Cedar District Court.*

WEDNESDAY MARCH 19.

ACTION for damages alleged to have been sustained by reason of the negligence of the defendant in killing three horses belonging to the plaintiff. There was a trial to a jury, and verdict and judgment were rendered for the plaintiff. The defendant appeals.

*J. & S. K. Tracy,* for appellant.

*Traer & Voris,* for appellee.

ADAMS, J.—The injury occurred in the city of Vinton, at or near where one of the streets crosses the defendant's track. The plaintiff had turned the horses at large in violation of an ordinance of the city. During the night, after they were turned at large, they strayed upon defendant's track, and were run over by a passenger train. The defendant asked an instruction in these words: "If you find from the evidence that the horses were allowed to run at large by night, and lie down on the railroad track, and were killed by a passing train while so upon the track, and if you further find that allowing these horses to run at large was a violation of the ordinance of the city of Vinton read to you, and their being thus at large contributed to the accident, then your verdict should be for the

defendant." The court refused to so instruct, but instructed, in substance, that, if the plaintiff knowingly allowed her horses to run at large in the night-time, and to frequent the defendant's track, such fact might be considered as evidence of negligence, and, if the jury found, in view of all the evidence, that the plaintiff failed to exercise ordinary care, and the horses were injured by reason of the want of such care, she could not recover. The ruling of the court upon the question of contributory negligence is assigned as error.

While there was evidence tending to show that the defendant was running its train at an improper speed, and was therefore guilty of negligence, there was no evidence tending to show that its conduct was wanton or reckless. Such being the fact, it appears to us that the instruction asked should have been given. It was held, it is true, in *Kuhn v. Railroad Co.*, 42 Iowa, 420, that the plaintiff was not precluded from recovering because the cattle, which were injured at a public crossing, were allowed to run at large. But in that case the plaintiff had a legal right to allow his cattle to run at large. In the case at bar, the plaintiff had no right to allow her horses to run at large. We held upon a former appeal,—59 Iowa, 33,—that the defendant should have been allowed to introduce in evidence the city ordinance, to show that she had no such right. The plaintiff's horses, then, were trespassers, and not only that, but they were committing a trespass which any one could have seen exposed them to injury. The ordinance, without doubt, was adopted in part to prevent such accidents. It was demanded not only for the safety of animals that might otherwise stray upon the track, but for the safety of the property of the railroad company, and of its employes and of travelers. It may be that a violation of the law does not necessarily constitute negligence contributory to an injury received by the person violating the law. While the authorities are not entirely uniform, this court has held that it does not. *Schmid v. Humphrey*, 48 Iowa, 652. The same may doubtless be said in respect to the violation of a city ordinance.

But, in the case at bar, there was not only such violation, but in the act of violating the ordinance the horses were allowed to become trespassers, and the trespass was of such character that it necessarily exposed them to injury. The rule as to injury to trespassing animals, which become exposed by the trespass and through the owner's fault, appears to us to be well settled. In *Maynard v. Boston & Maine R. Co.*, 115 Mass., 458, a recovery was sought for an injury to the plaintiff's horse, sustained while trespassing upon the defendant's track. The trial court took substantially the same view of the law that the court below did in the case at bar. It refused to instruct, as asked, that "the defendant would not be liable, unless the plaintiff proved a wanton and reckless misconduct of their employes in the management of the train when the horse was killed." It was held that this instruction should have been given. Gray, C. J., said: "If the horse had been rightfully upon the defendant's land, it would have been their duty to use reasonable care to avoid injuring him. But, it being admitted by the plaintiff that the horse was trespassing upon the railroad, they did not owe him that duty, and were not liable to him for anything short of reckless and wanton misconduct." See also *Tonawanda R. Co. v. Munger*, 5 Denio, 255; s. c., 4 N. Y., (Comst.,) 349; *Vandegrift v. Rediker*, 2 Zab., 185; *Railroad Co. v. Skinner*, 19 Pa. St., 298; *Tower v. Providence & Worcester R. Co.*, 2 R. I., 404; *Cincinnati, Hamilton & Dayton R. Co. v. Waterson*, 4 Ohio St., 424; *Louisville & Frankfort R. Co. v. Ballard*, 2 Metc., (Ky.) 177; *Hance v. Cayuga etc. R. Co.*, 26 N. Y., 428; *Bowman v. Troy & Boston R. Co.*, 37 Barb., 516; *Terry v. N. Y. Cen. R. Co.*, 22 Id., 574; *Bush v. Brainard*, 1 Cow., 78.

We think that, under the undisputed evidence in the case at bar, the court in instructing as it did, and in refusing to instruct as asked, committed error.

REVERSED.