RABEN v. THE CENTRAL IOWA RAILWAY COMPANY.

1. **Railroads** : INJURY TO PASSENGER ALIGHTING FROM MOVING TRAIN : CONTRIBUTORY NEGLIGENCE : QUESTION FOR JURY. It cannot be said, as matter of law, independently of the statute forbidding the act, that it would be, under all circumstances, an act of negligence for a passenger to attempt to alight from a moving train; but the question is ordinarily one of fact, to be determined by the jury from all the circumstances of the case. (See opinion for cases cited.)

2. ——— : ——— : WHETHER CRIMINAL ACT : PLEADING AND EVIDENCE. Section two, chapter 148, Laws of 1876, making it a misdemeanor to get off or on a moving railroad car, does not forbid the act when done with the consent of the conductor; and where plaintiff alleged that she was injured, without any negligence on her part, while alighting from defendant's moving car, *held* that the allegation of care on her part was sufficient to entitle her to prove that she so alighted with the conductor's consent, and that a motion in arrest of judgment, based on the insufficiency of the petition in that respect, was properly overruled.

Raben v. The Central Iowa Ry. Co.

3. —— : —— : —— : BURDEN OF PROOF. Plaintiff seeks to recover for an injury sustained by her while alighting, as a passenger, from defendant's moving train. *Held* that, if her act was a misdemeanor under section two, chapter 148, Laws 1876, she could not recover ; and that, in order to recover, she had the burden to prove that she so alighted with the consent of the conductor, thus showing that her act was not forbidden by said section ; but *held*, also, that such consent might be inferred by the jury from the conduct of the conductor at the time. But since there was no direct evidence of the conductor's consent, and the question whether such consent might be inferred from his conduct was not submitted to the jury, *held* that a verdict for the plaintiff could not be sustained.

4. —— : DUTY TOWARD PASSENGERS ALIGHTING FROM CARS. It is the duty of a railroad company to provide suitable and safe means for entering and alighting from its trains ; but having done this, and having stopped its train in proper position and for a reasonable time to enable passengers to avail themselves of those means in entering and alighting, it is not bound to render them personal assistance, nor to hold the train until those in charge of it see that the passengers have in fact alighted. (*Allender v. Chicago, R. I. & P. Ry. Co.*, 37 Iowa, 268 ; S. C., 43 Iowa, 276, *distinguished*.)

5. **Personal Injury** : DAMAGES : PERMANENCY OF INJURY : INSTRUCTION. In an action for a personal injury, where there was no evidence that it would be permanent, but that the plaintiff would suffer future pain and inconvenience from it, the court instructed the jury that if they found for plaintiff, and that "her injuries were permanent, they should consider such inconvenience in getting about and pain as they should find reasonably certain to result therefrom in the future, and award her such sum as damages as will reasonably and fairly compensate her therefor." *Held* that the instruction, fairly considered, was not open to the objection that it submitted the question whether the injury was permanent, on which there was no evidence ; and that it was otherwise correct.

*Appeal from Keokuk Circuit Court.*

FILED, OCTOBER 24, 1887.

THIS is an action for the recovery of damages for a personal injury sustained by plaintiff, as is alleged, while alighting from a passenger train on defendant's railway. The cause was tried to a jury, and there was a verdict for plaintiff for three thousand dollars, Defendant filed a motion in arrest of judgment, also a

motion for a new trial. The circuit court overruled both of these motions, and entered judgment on the verdict. Defendant appeals.

*Blair & Daly* and *Geo. D. Wooden*, for appellant.

*Sampson & Brown*, for appellee.

REED, J.—I. The material allegations of plaintiff's petition are that defendant was engaged in operating a line of railroad on which it ran passenger trains, and carried passengers for hire. That plaintiff entered one of its trains as a passenger at Brighton, having purchased a ticket at that station to Clay, another station on defendant's line, and was accompanied by her two young children. That the conductor took up her ticket and knew she was a passenger for Clay. That when the train arrived at Clay she immediately started to leave it, but that the conductor, in violation of defendant's duty to her to permit the train to remain standing at the platform a sufficient length of time to enable her to alight from it with safety, caused it to be started forward before she had time to alight from it. That her children were taken from the train about the time it was started forward, and that she, believing that the speed of the train was not such but that she could with safety jump from the second step, and desiring not to be carried away from her children, did jump to the platform, but by the motion of the train she was thrown down upon the platform, and seriously and permanently injured. It is also alleged that the conductor did not assist her to alight from the train, or inform her that it would be dangerous for her to attempt to alight while it was in motion. Also that she was not herself guilty of any negligence which contributed in any manner to the injury.

1. RAILROADS : injury to passenger alighting from moving train : contributory negligence : question for jury.

The ground of the motion in arrest of judgment is that, upon the facts stated in the petition, plaintiff is not entitled to recover. The positions urged by counsel for

appellant are: (1) That, independently of any statutory provisions on the subject, the act of alighting from a moving train is negligent, and the passenger who attempts to do the act, and is injured in consequence thereof, can have no remedy for the injury against the company; and (2) as the act is forbidden, and is punishable as a crime by express statute, the party sustaining an injury while committing it cannot recover damages for the injury.

With reference to the first position we deem it sufficient to say that it cannot be said, as matter of law, independently of the statute, that it would be under all circumstances an act of negligence for a passenger to attempt to alight from a moving train. But the question is ordinarily one of fact, to be determined by the jury from all the circumstances of the transaction. It is true, a case might arise in which it would be the duty of the court to determine the question as matter of law. This would be true if there were no disputed facts, and but one conclusion could fairly be drawn from the facts established. But if the facts are in dispute, or if different conclusions might fairly be reached by different minds from the facts established, the question is for the jury. *Whitsett v. Chicago, R. I. & P. Ry. Co.*, 67 Iowa, 150. By the allegations of the petition all negligence on the part of the plaintiff was denied, and under them she was entitled to prove, if she could, that the injury to her was not reasonably to be apprehended from the act. On the question whether the act of alighting from a moving train is negligence *per se*, see *Nichols v. Dubuque & D. Ry. Co.*, 68 Iowa, 732; *Lindsey v. Chicago, R. I. & P. Ry. Co.*, 64 Iowa, 410; *Vimont v. Chicago & N. W. Ry. Co.*, 71 Iowa, 58.

The statute relied on in support of the second position urged is section two, chapter 148, Laws of the Sixteenth General Assembly, which is as follows: "If any person not employed thereon, or not an officer of the law in the discharge of his duty, without the consent of

Raben v. The Central Iowa Ry. Co.

the person having the same in charge, shall get upon or off any locomotive engine or car of any railroad company while said engine or car is in motion    *    *    * he shall be guilty of a misdemeanor, and be punished by fine not exceeding one hundred dollars, or be imprisoned not exceeding thirty days." It is insisted that the facts alleged in the petition show that plaintiff's act in jumping from the train was in violation of this statute. It is to be observed, however, that the statute does not forbid the doing of the act under all circumstances. If plaintiff had the consent of the conductor to alight from the train while it was in motion, she did not incur the penalty imposed by it by doing the act. If she cannot recover because of the statute, it is because she acted in violation of its provisions. Her act was negligent, because unlawful. But she averred in her petition that she was not guilty of any negligence contributing to her injury. We think she was entitled to prove that she did the act with the consent of the conductor. No other averment was necessary to entitle her to prove that fact. The petition is therefore sufficient, and the motion in arrest of judgment was properly overruled.

II. There was evidence given on the trial which tended to prove that the circumstances of the accident were substantially as charged in the petition. There was no direct evidence, however, that the conductor, who was in charge of the train, consented that plaintiff might alight while it was in motion. Neither was it shown that he knew when he started the train that plaintiff had not yet alighted from it. Nor was the question whether his consent might be inferred from his conduct at the time submitted to the jury. But the case appears to have been tried by the plaintiff upon the theory that the question whether she acted upon such consent in jumping from the train was not material.

3. $\frac{-:\overline{\phantom{xx}}}{-:\,\text{burden of proof.}}$ burden of proof.

One of the grounds of the motion for a new trial is that the verdict is not sustained by the evidence. The case, then, presents the question whether a person who has sustained an injury while alighting from a moving

railway train can maintain an action therefor without proof that he was an employe upon the train, a public officer in the performance of his duty, or that he did the act with the consent of the person in charge of the train, or some officer of the railway company. And we deem it proper to say, in this connection, that, while the question was probably involved in some of the cases cited above, in which we had occasion to consider whether the act, as matter of law, was negligent, in none of them was the point made that it amounted to a violation of the statute quoted. Nor was our attention directed to that statute in our consideration of the cases; so that none of the cases can be regarded as determining the question. The object of the legislature in enacting the statute undoubtedly was to prevent the injuries which were likely to result from the doing of the forbidden acts, and the language made use of leaves no room for construction. All persons, except those belonging to the three excepted classes, are forbidden, under the penalty prescribed, to do the acts. Unless plaintiff belonged to one of the excepted classes, then, her act was unlawful and criminal. And it makes no difference that she was impelled to do the act by the fear of being carried away from her children, or that she had reason to believe that she could do it with safety. Excuses equally good, perhaps, could be given in most of the cases where passengers are tempted to take risks of doing similar acts. If her act was unlawful and criminal, clearly she cannot recover, for her injury was the direct consequence of the act, and the law will not afford a party a remedy for an injury sustained by him as the consequence of his own act, when it had forbidden him in advance to do that act. The burden was on plaintiff to prove that the circumstances of the occurrence were such that she was entitled to recover for the injury she sustained, and the question of her right to recover depends upon whether her own act was lawful. It follows necessarily that she is not entitled to recover without proof that she was acting lawfully at the time. But it is insisted that the

consent of the conductor should be inferred from his conduct at the time. It is true, doubtless, that consent may be shown by actions as well as by express words. It may be inferred from the conduct of the party. But in such cases the inference is one of fact, and it was for the jury, and not the court, to determine whether the consent of the conductor was to be fairly inferred from his conduct. We think that the motion for a new trial should have been sustained on this ground.

III. The court gave the following instruction : "If you find from the weight of the testimony that defendant's employes in charge of the train in question stopped it at the proper place at the depot to which plaintiff was destined,. to enable her to alight, *and negligently failed to assist her to do so*, or to look and know that she had left the train in safety, and negligently started the train before she, in the exercise of diligence to do so, had reached the platform of the depot, and without any fault on her part she was thrown down and injured, substantially as alleged, your verdict should be for plaintiff. * * *"

4. ——: duty toward passengers alighting from cars.

The doctrine of this instruction is that it was the duty of defendant's employes to assist plaintiff to alight from the train, and if they negligently failed to perform that duty, and started the train without looking and seeing that she had left it, defendant is liable for the injury. This doctrine cannot be sustained. It is undoubtedly the duty of a railway company to provide suitable and safe means for entering and alighting from its trains. But having done this, and having stopped its train in proper position to enable passengers to avail themselves of those means in entering or alighting, it is not bound to render them personal assistance. The contract of the carrier is that he will carry the passenger safely and in a proper carriage, and afford him convenient and safe means for entering and alighting from the vehicle in which he carries him, but he does not contract to render him personal service or attention beyond

that. The train in question was stopped at the platform of the depot, and there is no complaint that that was not a convenient and safe place for alighting from the train. While defendant was bound to keep its train standing at the platform a reasonable time to enable plaintiff to alight in safety, it was not bound to assist her in alighting. It was held by this court in *Allender v. Chicago, R. I. & P. Ry Co.*, 37 Iowa, 264, and in the same case, 43 Iowa, 276, that whether the carrier was bound to assist the passenger in entering or alighting from the car was a question of fact to be determined by the jury. But in that case the passenger was required to get upon the car at a point where no platform or other convenience for entering it was provided, and the holding was based on that state of facts. Our holding in the present case is not in conflict with the holding in that.

IV. The circuit court told the jury in an instruction that, if they found for plaintiff, they should consider

5. PERSONAL injury: damages: permanency of injury: instruction.

the physical pain which she had already sustained in consequence of the injury. Also that, "if they found that her injuries were permanent, they should consider such inconvenience of getting about and pain as they should find reasonably certain to result therefrom in the future, and award her such sum as damages as will reasonably and fairly compensate her therefor." Exception is taken to the language of the quotation. There was evidence which tended to prove that plaintiff had not recovered from the injury at the time of the trial, and that she still suffered pain from it, and that her use of one of her limbs was greatly impaired by it. But the physicians who had attended her were not able to determine whether she would recover, or whether the injury would prove to be permanent. The point urged by counsel is that the evidence did not warrant the court in submitting to the jury the question whether the injury was permanent. But we think the instruction, fairly considered, does not submit that question as an element in the case. There was evidence tending to prove that plaintiff would in the future suffer pain and inconvenience from the

injury. If so, she was entitled to be compensated therefor, if defendant is liable for the injury, whether it is permanent or not. And those are the matters which the jury were directed to consider, in awarding the damages. The instruction affords defendant no just ground of exception. For the errors pointed out the judgment must be

REVERSED.