M. V. YOUNG v. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

100  357
114  876

**Boarding Moving Train:** VIOLATION OF STATE LAW: *Rules of railroad.* Under the statutes of Illinois (Hurd's Revised Statutes 1891, chapter 114, section 79), forbidding any person to board a moving train, except in compliance with law, or by permission, 1 under the lawful rules and regulations of the company, a person injured while attempting to board a moving train within the state of Illinois, cannot recover therefor, in Iowa, unless it appears that he was acting in compliance with law, or by permission, under the lawful rules of the company.

BURDEN OF PROOF. Where such attempt was made by permission, or direction, of the conductor of the train, the burden is on the 3 plaintiff to show that the permission, or direction, relied on was in accordance with the rules and regulations of the company.

COURT AND JURY. One whose injuries are the proximate result of his violation of a statute is, as a matter of law, in Iowa, guilty of 2 contributory negligence precluding recovery for the negligence of another, which contributed to such injuries.

*Appeal from Guthrie District Court.*—Hon. J. H. Apple-
gate, Judge.

Saturday, December 12, 1896.

This is an action for damages which plaintiff
claimed to have sustained because of injuries received
while attempting to board a moving train of the
defendant company at Kirkland, Ill.  Plaintiff was a
resident of Yale, Iowa, and was shipping four cars of
live stock from his home to Chicago, Ill.  He was
accompanying said stock, and was riding on a ship-
per's pass.  As the train slowed up at Kirkland, plain-
tiff claims the conductor advised him that they would
have fifteen minutes at Kirkland for lunch, and also
stated that there was a lunch counter there.  Plaintiff
claims he got out of the caboose, and, with others,
entered the lunch room, and shortly thereafter the
train was seen to move, whereupon some one asked
the conductor if the train was going, and. he replied,
"Yes; better get on; the train was going," or "Get on
the train, if you don't want to get left," or something
to that effect.  Whereupon plaintiff hastened from
the lunch room, and ran to the rear of the train, which,
he testifies, was going at from three to four miles an
hour, and attempted to climb on the rear platform of
the caboose.  In making the attempt, and while hav-
ing hold of a car, a jerk, as he claims, of the train,
loosened his hold, and he fell on the rails, breaking and
otherwise injuring his teeth, and inflicting other
injuries.  The defendant pleaded a general denial, and
that the accident was caused by plaintiff's negligence;
also, a statute of the state of Illinois prohibiting pas-
sengers from mounting moving trains.  A trial was had
to a jury, which returned a verdict for plaintiff in
the sum of one hundred and twenty-five dollars.

Judgment was entered upon the verdict, from which defendant appeals.—*Reversed.*

*E. W. Weeks* and *Wright & Baldwin* for appellant.

*S. D. Nichols* for appellee.

KINNE, J.—I.   Our conclusion in this case requires the consideration of but one question, which we deem decisive of plaintiff's rights.   The defendant pleaded a statute of the state of Illinois, which provides: "No person or minor shall climb, jump, step, stand upon, cling to or in any way attach himself to any locomotive engine or car, either stationary or in motion, upon any part of the track of any railroad, unless in so doing he shall be acting in compliance with law, or by permission, under the lawful rules and regulations of the corporations then owning and managing such railroads."   Hurd's Rev. St. 1891, chapter 114, section 79.   Another section provides for the imposition of a fine for a violation of the act.   Id. section 81.   Plaintiff cannot recover in this action if his own negligence contributed to produce the injuries of which he complains.   If such injuries were received as the direct result of a violation of the statute of the state of Illinois, then it must be held that his act in attempting to mount the moving train was, as a matter of law, negligence, which precludes his recovery. One may not be guilty of contributory negligence who receives an injury while he is engaged in an act in violation of law.   *Gross v. Miller*, 95 Iowa, 72 (61 N. W. Rep. 385); *Schmid v. Humphrey*, 48 Iowa, 652; *Van Horn v. Railway Co.*, 63 Iowa, 68 (18 N. W. Rep. 679).   The test is, was the unlawful act the proximate cause of the accident, or injury?   If so, he cannot recover.   Beach, Contrib. Neg. sections 45-47; 4 Am. & Eng. Enc. Law, p. 50; *Gross v. Miller*, 93 Iowa, 72

(61 N. W. Rep. 385). In other words, if there was such a relation or connection between the accident and the act of violating the statute of the state of Illinois, on part of the plaintiff, as to cause, or help to cause, the accident, then he was guilty of contributory negligence, as a matter of law. *Gross v. Miller*, 93 Iowa, 72 (61 N. W. Rep. 385); *Van Horn v. Railway Co.*, 63 Iowa, 68 (18 N. W. Rep. 679); *Schmid v. Humphrey*, 48 Iowa, 652; *Gribble v. City of Sioux City*, 38 Iowa, 390. It is said in *Herman v. Railway Co.*, 79 Iowa, 162 (44 N. W. Rep. 299), in speaking of an instruction: "This instruction is conceded to be correct, because, by section 2, chapter 148, Laws Sixteenth General Assembly, it would have been a misdemeanor for plaintiff to jump from the train while it was in motion, and, under such a state of facts, the law would conclusively presume that the injury was the result of his own negligence." The statute in this state relating to getting on and off moving trains is, in substance, like that of Illinois, above quoted. In *Raben v. Railway Co.*, 74 Iowa, 732 (34 N. W. Rep. 621), it was, in effect, held that, under the statute of this state, if the act of an injured party in getting off of a train was a misdemeanor, she could not recover. The same rule is recognized in *Galloway v. Railway Co.*, 87 Iowa, 466 (54 N. W. Rep. 447). The failure to comply with a duty imposed by statute, or ordinance, is usually held to be negligence, as a matter of law. *Smith v. Trader's Exchange* (Wis.) (64 N. W. Rep. 1041). This might be otherwise if the act of the one who inflicted the wrong was wantonly or wilfully done. Unless, then, plaintiff has shown that, in attempting to mount the moving train, he was "acting in compliance with law, or by permission, under the lawful rules and regulations of the" defendant company, his act will prevent his recovery.

II.   The claim of plaintiff is that he had the "permission of the conductor of the train, or, being directed by him (which amounts to the same thing), had a right to infer that he was acting in compliance with the rules and regulations of the defendant company." There is nothing in the record to show what the "lawful rules and regulations" of the defendant were. It cannot be assumed that they were such as to authorize trainmen to advise passengers to violate the law of the state, especially when such violation was likely to be followed by an injury to the passenger.   Nor do we agree with counsel for the plaintiff that it was incumbent upon the defendant to plead and prove these rules and regulations.   Plaintiff was *prima facie* acting in violation of the law in attempting to board the moving cars.   If he was, in so doing, acting in compliance with law, or by permission, under the lawful rules and regulations of the defendant, it was incumbent upon him to establish that fact.   He has not done so, and, it seems to us, is in no position to recover, until he, by proper proof, brings himself within the provisions of the statute which excuse his act in attempting to mount the moving cars.   This court said, in the *Raben Case*:   "The burden was on plaintiff to prove that the circumstances of the occurrence were such that she was entitled to recover for the injury she sustained, and the question of her right to recover depends upon whether her own act was lawful.   It follows, necessarily, that she is not entitled to recover without proof that she was acting lawfully at the time."   Our conclusion renders it unnecessary that we consider other questions argued.—REVERSED.