## No. 13,746.

MARGARET DORSEY VS. KANSAS CITY, PITTSBURG AND GULF RAILWAY COMPANY.

### SYLLABUS.

Defendant appeals and asks for the review and reversal of a judgment condemning it to pay damages to the plaintiff who is the widow of the deceased.

Defendant's brakeman, instead of waiting a few moments to oust a trespasser after a stop of the train, chose to pelt him with rocks and clods to make him get off the rods where he was riding, stealing a ride, under the car.

The trespasser, in endeavoring to escape from under the car while it was running, fell and was killed. It was within the course of the brakeman's employment to compel him to stop trespassing and leave the car, and had he exercised the right in a proper and legal manner, there would have been no good cause to complain. The damage arose from the manner of the removal. It was unnecessarily violent and illegal. The act of trespassing was not, of itself, contributory negligence justifying defendant's servant to resort to the acts he did, when there is not the least reason to infer that there was necessity to resort to any violence at all to remove the trespasser.

APPEAL from the First Judicial District, Parish of Caddo—*Land, J.*

*Wise & Herndon* and *Charles W. Elam* for Plaintiff, Appellee.

*Alexander & Wilkinson* for Defendant, Appellant.

The opinion of the Court was delivered by

BREAUX, J. Plaintiff brought this suit to recover five thousand dollars

damages for the death of her husband, who was killed while stealing a ride on defendant's train.

The record discloses that a brakeman of the defendant company threw stones or clods at plaintiff's husband, who was riding on the rods of one of the box cars, about midway of the train.

It appears that the local freight train of the defendant company, going north, was at or near Mansfield, La., running at the rate of about six or seven miles an hour, and that when the engine passed the switch target a brakeman alighted to the ground from the engine to change the switch and let the train in on the side track out of the way of a coming passenger train. As this freight train was passing by the switch, this brakeman saw Marshall Dorsey riding under the box car. It was then, while he was under the car, that he pelted him with stones or clods, hitting him twice. Dorsey then attempted to crawl from under the car, struck his head against the platform, by which he was thrown across the track and run over by several of the cars. He made no attempt to get off the train until the brakeman threw rocks or clods at him. He was, by his fall, occasioned by his endeavors to escape the rocks or clods, severely wounded, suffered great agony, and lived about eight hours after the accident.

On the part of the defense, testimony was offered of statements of the deceased that he had stolen rides for many years. Defendant denies that the death of plaintiff's husband was caused by any fault of its agents. It charged that plaintiff's husband came to his death by his own fault and negligence. Defendant also denied that the deceased was the husband of the plaintiff. The case was tried before a jury. The verdict awarded twenty-five hundred dollars to the plaintiff. The defendant prosecutes this appeal from the verdict and judgment.

Defendant, in the first place, urged that Ryan, its brakeman, was not acting within the scope of his employment; that in order to recover, it was incumbent upon the plaintiff to show affirmatively that this brakeman was acting within the scope of his employment; that not only this proof was not made, but that the brakeman testified that it was not part of his duty to put trespassers off of the train, his duty being to report trespassers to the conductor for such action as this officer might deem proper.

In order to retain the full force of the defense, the defendant requested the judge of the District Court to instruct the jury, in delivering his charge, that if they found that no contractual relations ex-

isted between the deceased and the railway company, then the company was not responsible for any acts of its brakeman outside of the scope of his employment. The judge refused to give this charge, but, on the contrary, instructed the jury that the removal of trespassers from the cars, as a matter of law, is within the implied authority of the company's servants on the train, including the brakeman. Defendant complains of the charge as being erroneous.

At the outset, we find no difficulty, after having considered a number of decisions upon the subject, in arriving at the conclusion that, even though one be a trespasser on a train, he should not be expelled in such a manner as to expose his life or do him great bodily harm. This point has been considered and passed upon twice recently. While a mere trespasser is not entitled to the consideration and protection of those who are not trespassers, yet they should not be treated with unnecessary harshness and violence. No one, in the exercise of his right, is authorized to resort to unnecessary force.

This court said, in Young vs. Texas and Pacific Railroad Company, 51 Ann. 295: "A trespasser on a railroad train must be ejected at a place not perilous for one alighting in the night time." Again, in Jackson, Tutor, vs. Railroad Company, 52 Ann. 1706: "Upon the other hand, if he was forcibly ejected by anyone for whom the defendant is responsible, he is entitled to recover, no matter why he got on the train, since there is no law authorizing the taking off of a boy's arm at the shoulder as a penalty for trespassing on railroad, or any other, property."

The jurisprudence of the courts of several other States is equally as emphatic and to the point. "A trespasser, one stealing a ride, was ruthlessly removed and injured by a brakeman. The court held that this brakeman, as such, was acting within the scope of his authority." Kansas City, Fort Scott and G. R. R. Co. vs. Kelley, 14 Pacific Reporter, 172. And held further "that while the defendant had a right to remove the trespasser, but in so doing must exercise the right with ordinary care and prudence on its part—the mere fact that one is a trespasser was not such negligence as to relieve the defendant from this obligation."

This brings us to a consideration of the question directly placed at issue by the refusal of our brother of the District Court to charge that the removal of a trespasser is not within the expressed or implied authority of a brakeman, and his instruction, on the contrary, that the removal

of trespassers from cars, as a matter of law, is within the implied authority of the company's servants, including the brakeman.

We take it that the rule exempting the master from responsibility is expressed in the following: When the employee, in carrying out a purpose of his own, does injury to another, not within the scope of his employment, the employer is not liable. We have not found it possible to hold that the act complained of falls within the grasp of this rule. The brakeman was not, at the time, seeking to protect his own, or resisting the act of a trespasser in so far as he was concerned, but was acting for the employer, seeking to get rid of a trespasser who had placed himself in an exposed position, dangerous to himself and against every requirement of the rules regulating the business and operations of the defendant company. The act complained of was done in the course of his employment. We understand that the first duty of the brakeman is to apply the brakes, either to enable the car to move onward or to stop, but there are, we take it, other duties he is at times called upon to perform. He is under the direction of the conductor, who is himself responsible for the proper management of the train. Without an express order, we take it, that, in aiding to man the train properly, he may, of his own motion, see to the removal of a trespasser who is stealing a ride suspended under the car on or very near the running gear of the cars, in the condition of which, the brakeman, as an employee, must, to some extent, be concerned. With reference to the liability of the defendant for the acts of its brakeman the Court of Appeals of New York held that the defendant is responsible, unless the brakeman used his authority for a mere cover for accomplishing an independent and wrongful purpose. Hoffman vs. N. Y. Central and Hudson R. R. Co., 87 N. Y. 31, citing a number of authorities in support of this proposition. The decision in Pierce, administrator, vs. North Carolina R. R. Co., 44 L. R. A., is directly in point. The tortious act complained of in that case was the act of a brakeman of a railroad company.

The Civil Code prescribes that "masters and employers are answerable for the damage occasioned by their servants and overseers in the exercise of the function in which they are employed." The liability must be limited within due bounds, but not to the extent, however, of holding that the employee is not acting within the scope of his employment, who, as in this case, removes one from a place directly under his eye as a brakeman in charge, to some extent at least, of the brakes and the part of the car to which their force and effect extend.

The defendant calls our attention to the fact that the article just quoted further provides that "even then the master is not responsible unless he could have prevented the damage and did not do it." This article has, of late years, been invoked both in the courts of this State and in the Federal courts. The view pressed upon our attention was not sustained. It was held, in repeated decisions, that the employer is constructively present; that the management is his, for him, or in his interest and that he can not avoid liability by the plea that he was not present at the moment of the accident. The master or employer is present by his management and by the effect of the employment of one to serve his interests.

The agent entrusted with the performance of a duty occupies the place of the corporation, which is deemed present. Mattise vs. Ice Co., 46th Ann. 1535.

The removal itself of the trespasser was proper. The act of removal was the cause of damage. In consequence, this cause does not fall under the rule laid down in the Williams vs. R. R. Co. case reported in the 40th Annual, cited by the defendant. In the cited case, the "porter or brakeman" was not called upon to perform any duty in which the defendant company was concerned. He brutally assaulted a stranger, one between whom and the defendant there existed no contractual relations. The wrong-doer acted entirely from malice unconnected with anything due by him to the company. His employment contemplated no such act as that of which he was guilty. Here the brakeman was seeking to oust a trespasser who was trespassing upon the property of his employer. Defendant cites several decisions rendered before commerce was as active as it is now and prior to the employment of rapid and frequently dangerous modes of transportation.

The earlier doctrine has necessarily undergone some change owing to the change of conditions and dangers. "The earlier doctrine has been greatly modified." 40 Ann. 37.

This being our conclusion on this point, we deem it useless to review the cited decisions in cases in which the employee was not acting within the course of his employment. We are decidedly of the opinion that the character of the employment placed the *onus* of proof on the defendant, showing that its brakeman was not expected to, and never exercised any supervision over, the appliances under the cars.

We do not gather from the evidence that there is the least merit in the allegation of defendant that plaintiff was not the wife of the deceased.

We are now to consider the amount which has been awarded, and determine whether it should be increased or reduced. Plaintiff asks for an increase, and defendant, on the other hand, complains of the amount and urges that it is too large.

The jury, by its verdict, has fixed the amount. We have determined, in view of the facts of the case, to let it remain.

For the reasons assigned, the verdict and judgment are affirmed at defendant's costs.