Joseph Johnson, Plaintiff, Appellant, v. The Chicago, St. Paul, Minneapolis and Omaha Railway Company, Defendant, Appellee.

Ejecting Passenger: JUSTIFIABLE FORCE: *Jury question.* Plaintiff, without a ticket, boarded defendant's freight train, clinging to a ladder on the side of the car. At the next station a brakeman discovered him, and put him off. As the train started he again mounted a ladder, but, on the approach of the brakeman, jumped to the ground. Before the train had entirely passed he again caught a ladder, and climbed up the side of the car. A brakeman went to him, demanded money, and ordered him off, and then stepped on plaintiff's fingers. He then retreated down the ladder, but, as the train was going 10 or 15 miles an hour, was afraid to jump. The brakeman followed, kicked plaintiff on the head or neck, and forced him to loose his hold and fall to the ground. One of his feet was caught and crushed under the wheels. *Held,* that the direction of a verdict for the defendant was error; the brakeman's act being the eviction of a trespasser, and not the prevention of a trespass.

May be negligence. Where a brakeman on a railroad train expels a passenger at such a time or in such a manner as to unreasonably imperil his life and limb, though the act is wilful, it may in an action against the company, properly be alleged as negligent.

Passenger's negligence: *Deprivation of remedy.* Where plaintiff was injured by being forcibly ejected from a rapidly moving train, the fact that he was a trespasser on such train, does not constitute negligence which deprives him of a remedy.

*Violation of law no defense.* Where plaintiff was injured by being forcibly ejected from a rapidly moving train, the fact that he had boarded the train while it was moving, in violation of the statute making such an act a misdemeanor, does not afford a defense to his claim of damages for such injury.

*Appeal from Woodbury District Court.*—Hon. William Hutchinson, Judge.

Wednesday, January 22, 1902.

ACTION for damages for personal injuries alleged to have been sustained by plaintiff in being wrongfully ejected or thrown from a moving train. · At the close of the plaintiff's evidence the court sustained defendant's motion for a directed verdict in its favor. Verdict and judgment accordingly, and plaintiff appeals.—*Reversed.*

*Hallam & Stevenson* for appellant.

*Wright, Call & Hubbard* for appellee.

WEAVER, J.—The evidence upon part of plaintiff tended to show the following facts: On the twenty-sixth day of October, 1898, plaintiff boarded one of defendant's freight trains at Dakota City, Neb., bound for Sioux City, Iowa. He was not provided with a ticket, and rode from Dakota City to South Sioux City clinging to the ladder upon the side of one of the cars. Arriving at South Sioux City, a brakeman discovered him, and ordered him off. This order plaintiff obeyed, but when the train was pulling out he again mounted one of the ladders, but upon approach of the brakeman he jumped to the ground in safety. Before the train had entirely passed he once more caught a ladder, and climbed up the side of a car, and was once more approached by a brakeman, who demanded money and ordered him off the train. As he still clung to the side of the train, the brakeman came to the top of the ladder and stepped upon plaintiff's fingers. Plaintiff, thus attacked, retreated down the ladder, but, by reason of the speed of the train, was afraid to jump. Thereupon the brakeman, following him, kicked him upon the head or neck, forcing him to lose his hold and fall to the ground. In falling, his foot caught and was crushed under the car wheels, necessitating amputation of the limb at the ankle. The speed of the train at this time was from 10 to 15 miles per hour. Assuming that the jury may properly have found the truth of this recitation of circumstances in the case,

was the trial court justified in direcing a verdict for defendant? In our judgment, this question must be answered in the negative.

I. It will readily be conceded that plaintiff 'was an impudent and exasperating trespasser, but the law is settled beyond successful controversy that a trespass upon property gives the injured party no right to take the life of the trespasser, or to inflict upon him great bodily injury. Cases similar in all essential respects with that at bar have often been before the courts, and the principle we have mentioned has been recognized and affirmed with almost unbroken unanimity. Of the large number of authorities to this effect, we mention but a few: *Ramm v. Railway Co.*, 94 Iowa, 298; *Marion v. Railway Co.*, 64 Iowa, 568; *Benton v. Railway Co.*, 55 Iowa, 496; *Johnson v. Railway Co.*, 58 Iowa, 348; *Rounds v. Railway Co.*, 64 N. Y. 129 (21 Am. Rep. 597); *Young v. Railroad Co.*, 51 La. Ann. 295 (25 South. Rep. 69); *Schmid v. Humphrey*, 48 Iowa, 652; *Jackson v. Railway Co.*, 52 La. Ann. 1706 (28 South. Rep. 241); Elliott, Railroads, section 1254; Sutherland, Damages, 64. In view of the facts, which must be conceded for the purposes of the motion to direct, it would seem hardly possible for any serious contention that the authorities cited are not directly in point. The train was running at such speed as to make it obviously dangerous to jump even with the exercise of the greatest skill and care, while for a man kicked or thrown therefrom to the ground there was scarcely a possibility of escape without serious, if not fatal, injury. This the brakeman, as an experienced railroad man, must have known. From his position of vantage on the upper part of the ladder, he had the plaintiff at his mercy, and deliberately kicked him down to practically certain death or serious injury. If the act was done willfully, then the appellee is liable under the statute (Code, section 2071); and, if done through mere want of care in the per-

formance of duty, it was gross negligence. It is contended, however, that the petition does not charge a willful injury. It is true, the word "willful" is not employed by the pleader, and the act is spoken of as "negligent;" but the pleading does, in sufficiently apt terms, describe the kicking of plaintiff from the car as a deliberate and intentional act. Furthermore, even if the act, was, in a just sense, willful, it may also be properly charged as negligent. The brakeman, in the line of his duty, could lawfully expel the plaintff as a trespasser upon the train; but if he discharged that duty with excessive force or violence, or at such time or in such manner as to unreasonably imperil the life and limb of the trespasser, then he was negligent as charged, and his employer is liable. Of the authorities cited by the appellee, one only can fairly be said to give color to the doctrine advanced by counsel. It appears that this action was originally pending in the federal court, and there, after a ruling that plaintiff had failed to make a case, he was allowed to dismiss. See C. C. (94 Fed. Rep. 473). In the opinion there rendered, Shiras, J., recognizes the principles to which we have already referred, saying: "A trespasser is not necessarily placed without the pale of the law, and he may recover for injury willfuly or recklessly inflicted upon him. Thus it is well established that a railway company cannot be justified in evicting a person from its train when the same is in such rapid motion as to necessarily cause risk to the life or limb of the person evicted, even though he is a trespasser. The high regard which the law places upon the life and limb of a citizen compels the company to exercise its right to evict a trespasser in such manner as not to incur the charge of willful or reckless disregard of the safety of the person evicted." Applying the rule thus clearly stated to the facts of the case, the federal court held that plaintiff did not come within its terms, because "he voluntarily engaged in a running contest with the brakeman, in which

plaintiff was unlawfully endeavoring to force himself upon defendant's train, and defendant was lawfully endeavoring to prevent the trespass." From this language we must conclude that the testimony before that court was less favorable to plaintiff than is shown in the record before this court. As it is here presented, it cannot be fairly said that the brakeman was simply "endeavoring to prevent a trespass." The trespass was accomplished. The plaintiff was already on the car before he was assaulted by the brakeman. The brakeman's act was not an act of prevention or defense against an intending trespasser, but was an act of eviction, and this comes squarely within the principle affirmed by Judge Shiras. Reference is also made to *Bolin v. Railroad Co.,* 108 Wis. 333 (84 N. W. Rep. 446, 81 Am. St. Rep. 911). In this case the conductor ordered a certain trespasser to leave the train while in motion, and in making such exit the trespasser was killed. In exonerating the railroad company from liability, the court there says: "He [the conductor] did not touch the deceased, nor threaten violence to him, nor do anything reasonably indicating that he was about to physically compel deceased to cease the trespass, and to accept imminent danger of personal injury in doing so,"—a statement which renders that decision valueless as a precedent in the case before us. In another place the same authority concedes the validity of the rule which we apply in this case, saying: "The doctrine that human life cannot willfully be seriously imperiled to prevent or end a mere trespass upon property must not be invaded by the courts." However leniently men generally may be disposed to look upon physical punishment administered to a persistent trespasser, the law cannot safely countenance such action; nor can even a just indignation against the perpetrator of a petty wrong be permitted to justify an assault which seriously imperils the life or the person of the wrongdoer. This is neither "false humanity" nor "maudlin senti-

ment," as counsel suggest, but it is one of the indispensable principles which make up the barrier which Christian civilization has erected between law and lawlessness.

II. Appellee further urges that, plaintiff being a trespasser upon the train, he was therefore guilty of contributory negligence, and without remedy. The proposition is unsound. Being a trespasser, the company owed him no duty to provide him safe transportation, or to protect him against want of ordinary care on the part of its employes; but it was still under the obligation which we have already mentioned,—not to evict him with unnecessary violence, nor to deliberately expose him to unreasonable hazard of injury. If the plea of contributory negligence were to be held good in such case, it would be equally effective if the brakeman, instead of kicking the plaintiff from the ladder, had made use of a loaded revolver.

III. Neither can it be said that, because plaintiff's act in boarding a moving train was in violation of the statute, such wrong upon his part affords a defense to the claim in suit. The fact that plaintiff's trespass was also a misdemeanor did not change the relations of the parties, nor absolve the defendant's trainmen from their obligation to observe the rules of law we have hereinbefore cited. *Schmid v. Humphrey,* 48 Iowa, 652; *Dorsey v. Railroad Co.,* 104 La. 478 (29 South. Rep. 177, 52 L. R. A. 92).

The judgment of the district court must be reversed, and the cause remanded for new trial.—Reversed.