JAMES HAMILTON, by His Next Friend, R. F. Douglas, v.
    CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY,
    Appellant.

Railroads: EJECTION OF TRESPASSER: ACTS OF CONDUCTOR: LIABIL-
1    ITY OF COMPANY.    Plaintiff was a trespasser on defendant's
    passenger train.    In putting him off the conductor seized him
    by the collar and slapped and beat him.    *Held*, that putting
    plaintiff off the train was within the scope of the conductor's
    duty and that as there was no personal malice and the beating
    was in connection with removing the plaintiff, the company
    was liable for the injury.

*Appeal from Linn District Court.*—HON. H. M. REMLEY,
                Judge.

THURSDAY, FEBRUARY 12, 1903.

. ACTION to recover damages for personal injuries in-
flicted on plaintiff by a conductor in charge of one of
defendant's trains.    Verdict for plaintiff for $50.    From
judgment on the verdict, defendant appeals.—*Affirmed.*

*J. C. Cook* for appellant.

*P. W. Tourtellot* and *W. E. Steele* for appellee.

McCLAIN, J.—Just prior to the injury complained of,
plaintiff had been riding on the platform of a car of a
passenger train of defendant, confessedly as a trespasser.
Being driven from the platform by a brakeman while the
train was stopped at a railroad crossing, plaintiff climbed
upon another platform, after the train was in motion.
Again the train was stopped, and he was put off.    When
the train was started a second time, he climbed on the
rear steps of the last coach, and stood outside of the vesti-
bule doors.    The conductor of the train opened the doors

from the inside, seized plaintiff by the collar, and slapped and beat him with his hand; and, when plaintiff exclaimed, "Don't kill me!" the conductor responded, "No, I won't kill you, but I give you to understand when the train is stopped twice and you are put off you will stay off." Thereupon the train was again stopped, and plaintiff was put off or got off. This action is to recover damages for the beating.

Counsel for defendant contends that the acts of the conductor were outside of the scope of his authority, and, as plaintiff was a trespasser, the defendant is not liable. It is not easy to determine in every case what acts are so far the result of personal motives of the servant as to relieve the master from liability therefor, where the servant is at the time engaged in general in the discharge of duties for his master. There is no question that if, in removing plaintiff as a trespasser, the defendant's conductor, who was charged with the duty of removing trespassers from the train, caused him to suffer personal injury by reason of attempting to put him off at a dangerous place or by using unreasonable and unnecessary violence, the defendant would be liable for his acts, even though they were wanton, willful, malicious, and unlawful. *Marion v. C. R. I. & P. R. Co.*, 64 Iowa, 568; *Johnson v. St. P., M. & O. R. Co.*, 116 Iowa, 639; *Hoffman v. New York Cent. & H. R. R. Co.*, 87 N. Y. 25 (41 Am. Rep. 337). This proposition is conceded by counsel for appellant, but he contends that the evidence shows the beating of the plaintiff to have been a separate and distinct transaction from that of putting him off the train. So it appears from the testimony of the conductor, but, according to the testimony of plaintiff, he was struck and beaten and put off as a part of one continuous transaction, and we think it was for the jury to say whether this was so. But even if the beating was a distinct transaction, it was not as the result of any personal malice or ill will of the conductor, but because, as con-

ductor, he was irritated by the conduct of plaintiff, and as he declares, was actuated with the purpose of teaching the plaintiff a lesson, so that when he was put off he would stay off. There is nothing to indicate that the conductor, under pretense of discharging his duty as conductor, was taking the opportunity to injure plaintiff on account of his own personal ill will. He was confessedly acting throughout as conductor,—discharging the duty of preventing plaintiff, as a trespasser, from riding on the train. We think the case is plainly one where the wrongful acts of the conductor, if any, were chargeable to the defendant.

Complaint is made of refusal to give an instruction asked by defendant, but the law of the case was correctly stated to the jury in instructions given which sufficiently covered the instruction asked.

The judgment is AFFIRMED.