STROBLE v. THE CHICAGO, MILWAUKEE & ST. PAUL R'Y CO.

1. **Master and Servant:** PERSONAL INJURY: DEFECTIVE APPLIANCES: DUTY OF SERVANT AS TO REPAIRS: CONTRIBUTORY NEGLIGENCE. A workman who has charge of or uses implements or appliances in the performance of his work is required by law not only to use such care as to their condition as will save himself from personal injury, but his duty to his employer, as well as to himself, requires that he exercise proper watchfulness in order to preserve such appliances in a condition which will render them safe and fit for the purposes for which they are designed; and, if repairs are required, he must either make them himself, or report the condition of things to his employer, or other person whose duty it is to make such repairs. (See opinion for authorities.) And so, in this case, where plaintiff sought to recover on account of an injury sustained by the falling of a defective stair, for the repair of which, under the rule above announced, he was responsible, *held* that a proper instruction in regard to the subject of *care* did not cure an erroneous instruction in regard to plaintiff's *duty* to repair the stairs, or have them repaired.

2. **Railroads:** INJURY TO EMPLOYE: NEGLIGENCE OF CO-EMPLOYE: LIA-BILITY OF COMPANY. Railroad companies are liable to employes for injuries received through the negligence of co-employes only when "it is in any manner connected with the use and operation of any railway on or about which they shall be employed." (Code, § 1307.) But one whose sole duty is to elevate coal to a platform convenient for delivering it to the tenders of engines is not employed in the use and operation of a railroad,—not being in any way concerned with the moving and operation of trains. (Compare *Foley v. Chicago, R. I. & P. R'y Co.*, 64 Iowa, 644, and *Malone v. Burlington, C. R. & N. R'y Co.*, 65 Id., 417.)

*Appeal from Winneshiek District Court.*

THURSDAY, DECEMBER 23.

ACTION to recover damages resulting from personal injuries sustained by plaintiff while in the employment of defendant, on the ground that the injuries were caused by the negligence of defendant. There was a judgment upon a verdict for plaintiff. Defendant appeals.

*Noble & Updegraff*, for appellant.

*L. Bullis*, for appellee.

BECK, J.—I. There was evidence tending to establish the following facts: Plaintiff, with another, was employed to

**1. MASTER and servant: personal injury: defective appliances: duty of servant as to repairs: contributory negligence.** elevate coal to a platform or other place convenient for delivering it to the tenders of engines. It was often necessary for plaintiff and his co-employe working with him to pass to and from the platform to the floor upon which the coal was first deposited. Stairs or steps constructed of planks were provided for the use of these men and others who had occasion to ascend to or descend from the platform. While plaintiff was descending these stairs at the time of the accident, they gave way, and he fell to the floor below, receiving the injuries which constitute the cause of this action. The accident resulted from a defect in the stairs, caused from a break in one of the planks used in their construction, which had been repaired. The defect could have been readily discovered by inspection, if, indeed, it was not apparent to any one using the stairs. There was no officer or employe of defendant charged with the special duty of inspecting these stairs, to the end that repairs should be made when required. Plaintiff and the man working with him were continuously employed, either in the room where the stairs were, or upon the platform above. There appears to have been no other employes of defendant continuously at work at the same place who were required to use these stairs in the discharge of their duty.

II. The district court gave the jury the following instruction, introducing the direction given by a question, the answer to which announces the rule of law recognized by the court below: "Was it the plaintiff's duty, under his contract of employment, to see that the stairs in question were kept in a reasonably safe condition?" "If you find from the evidence that such was the plaintiff's duty under his contract of employment, the case is at an end, and your verdict will be for the defendant. In deciding this question, you will notice particularly what the plaintiff was employed

to do, as shown by the evidence,—what duties were assigned to him. If he was employed to handle coal at the coal-house, and nothing was said to him by his employer in regard to looking after the safety of the coal-house, or the stairs belonging to the same, then it was not a part of plaintiff's duty to see that the stairs were kept in a reasonably safe condition. You will not construe this instruction to mean that, if plaintiff was not employed to look after the safety of the stairs, he was therefore necessarily relieved from all obligation to notice the stairs. Another instruction upon this point will show you the extent of his duty in this regard."

The instruction referred to in the last paragraph of the foregoing is as follows: "(7) The next question to which I call your attention is this: Did the plaintiff use ordinary care, on his part, to avoid or prevent the injuries of which he complains? If he did not, he cannot recover anything. By ordinary care is here meant that reasonable degree of care which a person of ordinary prudence and caution would use for his own safety, in the situation of the plaintiff, and under circumstances such as surrounded him. The plaintiff was not at liberty, simply because he was a servant not charged with the duty of looking after the stairs, if such was the fact, to shut his eyes to the condition of the stairs that he was himself using. He was required to use ordinary care, in the sense just defined, in observing their condition while using them; and, if plaintiff knew of defects in the stairs which would indicate to the ordinary mind that they were unsafe for use, and if he continued to use them in that condition, without reporting their condition to his employer, he was guilty of negligence, and cannot recover. So if, for the want of ordinary care and observation, he failed to discover the unsafe condition of the stairs, and for this reason continued to use them until he was injured, he was negligent, and cannot recover."

In the first of these instructions, (the fifth,) the district

court held that the plaintiff, in the absence of express instructions or requirements, was charged with no duty to look after the safety of the stairs, or to see that they were kept in a reasonably safe condition.   In our opinion, the instruction, so far as it announces this rule, is erroneous.   A workman who has charge of or uses implements or appliances in the performance of his work is required by the law to exercise proper watchfulness in order to preserve them in a condition which will render them fit for the purposes to which they are devoted; and, if they are exposed to wear or destruction from use, he must see that repairs are made; or, if he may properly restore them to a fit condition for use, he must do it himself.   If such repairs may not be done by him, he must make report of the fact to his employer or other person having charge of the repairs of the thing.   The interest of the employer demands the recognition of this rule; and, indeed, we think it is recognized by all employers and employes, and is discovered instinctively,—certainly by the exercise of the common sense shared by all men.   And, surely, this duty rests with greater weight upon the employe when personal danger to himself or others follows from the use of appliances when out of repair.   The instinct of self-preservation and of humanity not only reveals the duty, but prompts to its faithful discharge.   This most beneficient rule of the law extends to all affairs of life wherein the relation of employer and employe exists, and enforces alike the protection of property and of life.   The farmer who commits to the charge of his employe implements, machinery and teams for the prosecution of his farm work, the mechanic, the housekeeper, all rely upon the rule for the safety of their property, and the preservation of human life.   The facts of the case show that the stairs, the defects of which caused the injury to plaintiff, were an appliance frequently used by him in the prosecution of his work, and they were not under the special care of any employe except plaintiff and his fellow workman.   They were subject to the rule we have stated.   These views are sup-

ported by the following cases: *Lumley v. Caswell*, 47 Iowa, 159; *Baker v. Allegheny V. R. Co.*, 95 Pa. St., 211; S. C., 8 Amer. & Eng. R. Cas., 142; *Ballou v. Chicago, M. & St. P. R'y Co.*, 54 Wis., 257; S. C., 5 Amer. & Eng. R. Cas., 480, and 11 N. W. Rep., 559; *Mad River & L. E. R'y Co. v. Barber*, 5 Ohio St., 541; *Toledo, W. & W. R'y Co. v. Eddy*, 72 Ill., 138; *Chicago & A. R. Co. v. Bragonier*, 119 Ill., 51; S. C., 7 N. E. Rep., 688. Probably, in each of these cases, the question of the negligence of the employe was considered and passed upon by the court; but in each of the respective opinions the rule that he owes the duty to inspect the appliance with which he works, and see that it is not out of order, is recognized.

III. The district court, in the seventh instruction above quoted, presented the question of the care of plaintiff to the jury, and held that negligence in failing to discover the defect of the stairs would defeat recovery. But the requirements of care and the obligations of duty are very different. An employe is required to exercise care for his own protection. At least the cases only treat of it in that light. Duty demands that he should observe and inspect the condition of the appliances used by him, not only for his own protection, but to promote the interest of his employer. This duty imposes an obligation for greater watchfulness than the requirement that he should exercise care. The instructions upon the subject of care do not take the place of proper directions presenting the subject of duty to the consideration of the jury.

IV. The court, in an instruction, held that defendant is liable to the plaintiff for the negligence of his co-employes.

2. RAIL-ROADS: injury to employe: negligence of co-employe: liability of company.

Under Code, § 1307, railroad corporations are liable to an employe for the negligence of a co-employe when it is "in any manner connected with the use and operation of any railway on or about which they shall be employed." It will be remembered that, in the absence of such a statutory provision, such liability does not exist, under prior decisions of this court. We think that the evidence fails to show that

plaintiff and any co-employe whose duty could have required him to keep the stairs in repair had anything to do with the use and operation of the railroad, and that the injury resulting from any negligence connected with the stairs was not, therefore, connected with such use and operation. The coalhouse and stairs were a part of the contrivances for placing fuel within easy reach of defendant's locomotives, and employes charged with any duty pertaining thereto had no connection with the use and operation of the railroad which is contemplated by the statute. It is true, there is a remote connection, as there is in the case of the coal miner or teamster who hauls the coal,—all being employed in work which in the end will supply the coal to the locomotive; but this is not the connection contemplated by the statute. This negligence, to render the corporation liable, must be of an employe, and affect a co-employe, who are in some manner performing work for the purpose of moving a train, as loading or unloading it, superintending, directing or aiding its movement. The persons must be connected in some manner with the moving of trains. Work preparatory thereto, which may be done away from a train, is not connected with its movement.

The statute, it will be observed, holds the corporation liable for the negligence of a co-employe which is "in any manner connected with the use and operation of any railway." What is the use and operation of a railway?" It is constructed for the sole purpose of the movement of trains. That is its sole use. What is the operation of a railway? They can be operated in no other way than by the movements of trains. See, in support of these views, *Foley v. Chicago R. I. & P. R'y Co.*, 64 Iowa, 644; *Malone v. Burlington, C. R. & N. R'y Co.*, 65 Iowa, 417. The instruction considered in this point of our opinion was not applicable to the facts of the case, and ought not to have been given.

Other questions discussed by counsel need not be considered. For the errors pointed out the judgment of the district court is                                        REVERSED.