# PATRICK SMITH v. JOHN C. DRAKE ET AL.

ERROR TO THE COURT OF COMMON PLEAS NO. 4 OF PHILA-
DELPHIA COUNTY.

Argued April 1, 1889—Decided April 15, 1889.

(*a*) In an action to recover damages for personal injuries, it appeared that the plaintiff occupied the position of foreman for the defendants in the work of excavating a railroad tunnel and road-bed, and had charge of the men and horses there engaged.

(*b*) While the plaintiff was in the excavation, one of the horses, becoming fractious, backed into the excavation and injured him. There was no guard along the edge of the excavation. Plaintiff had seen the horse at work for at least a week.

Statement of Facts.

1. In such a case it was not error to enter a compulsory nonsuit. It was the business of the plaintiff to know whether the horses were safe and fit, and if the horse which caused the accident was unfit to work with, it was plaintiff's business to send him back to the stable.

Before STERRETT, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 133 January Term 1889, Sup. Ct.; court below, No. 293 December Term 1886, C. P. No. 4.

On December 17, 1886, Patrick Smith brought an action on the case against John C. Drake, William D. Stratton and Isaac Usher, trading as Drake, Stratton & Co., to recover damages for personal injuries caused by the alleged negligence of the defendants.

At the trial on April 14, 1887, the facts developed in the plaintiff's case were substantially as follows:

In September, 1886, the defendants were engaged as contractors in making an excavation and tunnel for the Baltimore & Ohio R. Co., in Philadelphia. Plaintiff was in their employ as a foreman of a gang of laborers at work in the excavation, and had charge of the men and horses there engaged. On the morning of September 28, 1886, while the plaintiff was in the excavation, one of defendants' horses, alleged to be vicious and unruly, suddenly backed into the excavation and struck the plaintiff, crushing his ankle and instep. The plaintiff testified that the horse belonged to the defendants and that he "might have seen him five or six times" during the week before the accident. It appeared from the evidence that there was no guard at the edge of the excavation over which the cart backed.

At the conclusion of plaintiff's testimony, the court, THAYER, P. J., entered a compulsory nonsuit, saying:

The plaintiff, Patrick Smith, who brings this suit against Drake, Stratton & Company, who were his employers at the time of the accident, occupied the position of foreman in charge of the work of excavation at that point, and, according to the evidence, had the supervision of the men and horses there engaged. It was his business, therefore, to know about the horses, to know whether they were safe and fit to work with. There is no use in endeavoring to show that there was negligence on the part of the stable-boss in any way. If there was

any negligence, it was his own negligence in not sending that horse back to the stable, if he found him an improper horse to work with. From the evidence it appears that he had seen that horse working there for a week at least, and, according to some part of the testimony, for a longer time, and it was his business to know whether the horse was fit to work or not. Upon the whole case I do not see that the defendants, however much we may commiserate Mr. Smith for his misfortune, are responsible for it, and I therefore allow the motion for a nonsuit.

Subsequently the court dismissed a motion for a rule to take off the nonsuit, when the plaintiff took this writ, assigning as error :

1. The refusal to take off the nonsuit.

2. The dismissal of the motion for a rule to take off the nonsuit.

*Mr. J. H. Shoemaker* (with him *Mr. L. R. Fletcher*), for plaintiff in error.

*Mr. C. E. Morgan* (with him *Mr. Francis D. Lewis*), for defendants in error.

PER CURIAM·

We are not satisfied that the evidence in this case would have warranted the jury in rendering a verdict in favor of the plaintiff. For reasons given by the learned president of the court below there was no error in entering the judgment of nonsuit and afterwards refusing to take it off.

                                    Judgment affirmed.