JAMES MILLS v. D. E. PETTIGREW.

1. DISMISSAL OF ACTION—*Adjudication, Not Final.* The dismissal of an action in the nature of a bill in equity for want of prosecution only, is not a final and conclusive adjudication on the merits. (*Smith v. Auld,* 31 Kas. 262.)

2. JUDICIAL SALE—*Motion to Set Aside—Ultimate Rights.* The final decision of the district court overruling a motion to set aside a judicial sale, is not conclusive as to the ultimate rights of the party making the motion. (*White-Crow v. White-Wing,* 3 Kas. 276; *Harrison v. Andrews,* 18 id. 535; *Capital Bank v. Huntoon,* 35 id. 577, 587, 588.)

*Error from Allen District Court.*

THIS was an action brought by *D. E. Pettigrew* against C. K. Mills, *James Mills,* and others, to obtain possession of certain real estate situate in Allen county. All of the defendants answered and disclaimed any interest in the premises, except James Mills. Judgment was rendered in favor of the plaintiff for the possession of the premises, and for $120 for rents and profits. James Mills excepted, and brings the case here.

It is conceded by the parties that the title of the premises passed from the United States to the Leavenworth, Lawrence & Galveston Railroad Company; that D. E. Pettigrew obtained a good and sufficient title to the premises by warranty deeds from the railroad company to Henry Tidman and from Tidman and wife to himself. James Mills contends that he has the superior title to the premises, which he claims that he derived as follows: While the Leavenworth, Lawrence & Galveston Railroad Company was the owner of the premises in controversy, and while the company was operating its railroad, an action was brought against it by W. J. Richards in the district court of Allen county; that a petition was filed July 21, 1875; that on the 5th of July, 1876, a verdict and judgment were rendered in said cause against the railroad company for $7,000 damages; that subsequently execution was issued on the judgment, and the premises were levied upon by the sheriff by virtue of the execution; that at this time Charles Aldrich and

ninety-seven other persons, among whom were D. E. Pettigrew and Henry Tidman, his immediate grantor, as plaintiffs, commenced an action against W. J. Richards and John H. Walters, the then sheriff of Allen county; that this action was commenced September 3, 1881, and attempted to enjoin the sale of the premises on the judgment; that an application was made to the judge for a temporary injunction in the cause, which was denied September 7, 1881; that in the said action, plaintiffs, on November 11, 1881, obtained leave to file an amended petition, but the action was finally dismissed by the court for want of prosecution. The sheriff having made a sale of the premises, as well as others, on execution issued in the action of W. J. Richards v. The Leavenworth, Lawrence & Galveston Railroad Company, a motion was filed by plaintiff in the judgment to confirm the sale, and at the same time a cross-motion was filed by D. E. Pettigrew and Henry Tidman, his immediate grantor, to set aside the sale; the motion to confirm the sale was sustained and the sheriff ordered to make a deed to the purchaser, W. J. Richards; the court overruled the motion to set aside the sale, and Pettigrew and others, resisting confirmation of the sale, duly excepted and took time to make a case for this court; that subsequently a deed was made by the sheriff to W. J. Richards for the premises sold at sheriff's sale, among which were the premises in controversy; that said W. J. Richards and wife by deed conveyed the lands in controversy to James Mills.

*Oscar Foust & Son*, for plaintiff in error.
*H. A. Ewing*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: After the Leavenworth, Lawrence & Galveston Railroad Company obtained its title to the land in controversy from the United States, Henry Tidman obtained his deed from the Leavenworth, Lawrence & Galveston Railroad Company, and B. S. Henning, the receiver of the company. The receiver was appointed March 5, 1875, in an

action then pending in the United States circuit court for the state of Kansas, wherein the Farmers' Loan and Trust Company was plaintiff and the Leavenworth, Lawrence & Galveston Railroad Company was defendant, to foreclose a mortgage long prior to that time executed and delivered by the Leavenworth, Lawrence & Galveston Railroad Company to the Farmers' Loan and Trust Company. Pettigrew holds under Tidman and wife. The judgment of W. J. Richards was rendered July 5, 1876, more than a year after the appointment of the receiver.

The contention of James Mills that his title to the premises is superior, either in law or equity, cannot be sustained. He bases his contention upon the ground that D. E. Pettigrew and his prior grantor, Henry Tidman, are estopped by their action commenced September 3, 1881, to enjoin the sale of the premises upon the judgment in favor of Richards, and also by their filing a motion to set aside the sale of the premises made by the sheriff upon an execution issued upon that judgment. The action to enjoin the sheriff's sale was dismissed for the want of prosecution only; it was not decided upon its merits, or upon any hearing. It was therefore no bar. (*Smith v. Auld,* 31 Kas. 262, and cases there cited.)

The overruling of the motion to set aside the sale was not conclusive on the parties making the motion. (*Benz v. Hines,* 3 Kas. 386; *White-Crow v. White-Wing,* 3 id. 276; *Rice v. Pointer,* 15 id. 269; *Harrison v. Andrews,* 18 id. 535; *Capital Bank v. Huntoon,* 35 id. 577, 587, 588.)

The judgment of the district court will be affirmed.

All the Justices concurring.