M. J. CONWAY v. THE CHICAGO GREAT WESTERN RAILWAY COMPANY, Appellant.

**Master and Servant:** RAILROADS. It is the duty of a foreman in charge of a coal house of a railroad company to keep the appliances, if properly constructed, in suitable condition for use; and he cannot recover for personal injuries caused by the failure to keep them in such condition.

*Appeal from Chickasaw District Court.*—HON. A. N. HOBSON, Judge.

THURSDAY, OCTOBER 21, 1897.

ACTION for personal injuries. Judgment for plaintiff, and the defendant appealed.—*Reversed.*

*D. W. Lawler, Lyon & Lenehan,* and *H. T. Reed* for appellant.

*H. L. Spaulding* and *Springer & Clary* for appellee.

GRANGER, J. — I.    For some time prior to December 14, 1894, plaintiff was an employe of the defendant, as foreman of its coal house at Elma, Iowa. The coal house consists of a house proper and sheds for the storing of coal and loading it into engines by the use of a derrick and chutes. A way to and from a floor of the coal house, to and from which plaintiff was required to go, was a ladder on upright posts or timbers, made by placing thereon strips of 2x4 lumber. At the top of the ladder was a projection of the floor in a way to effect getting to and from the ladder safely. At the head of the ladder, and on the floor or platform, was placed a handhold for the use of the persons using the ladder. On the fourteenth day of December, 1894, the plaintiff, in descending the ladder, fell to the ground, and was injured, and, for the damage sustained, this action is brought. The petition charges negligence in various ways, and we copy the averments as follows: "That, in the construction of said coal house and the machinery and appliances used therein, the defendant, its agents, servants, and employes, put in for use two stationary ladders leading from the ground to the coal chutes; that said ladders were negligently constructed

and built, in this: that at or near the top thereof they
were not provided with any or sufficient rounds or appli-
ances to grasp in passing to or from the said ladders and
the adjacent coal chutes; that said ladder and chutes
adjoining thereto were built close to the end of said
building; said ladder was perpendicular, and under-
neath the projecting end of the chute and timber sup-
porting the same, the handhold on the platform above
said ladder, and which is used in descending the same,
was constructed of a solid piece of wood nailed upon a
flat board, the same being so placed as to afford an inse-
cure grasp or handhold, the same being placed so near
to the side of the building as to prevent the free use and
exercise of a person's limbs while using said ladder, and
that the framework, timbers, and boards comprising
said building and chute were so placed over and beyond
said ladder as to compel a person in descending the
same, to climb over said obstructions, thereby causing
said ladder to be dangerous when used; that no appli-
ance or round of said ladder was so placed as to give a
person descending the same a handhold to protect him-
self from falling, within a space of four feet from the
top of said chutes and ladder, and no provision made
whereby a person descending said ladder could safely
take hold of anything to assist him in the descent
thereof; that the rounds of said ladder were too large to
be safely grasped; that the ends of the board and timber
used in the construction of said chute were placed too
near the top of the ladder, projected over the same, and
thereby formed an obstruction." It is conceded that
the main contention on the trial as to negligence was in
the way the handhold on the top of the platform, which
it was necessary to use in starting down the ladder, was
placed; plaintiff contending that it was nailed flat on
the floor or platform, so that a grasp of it was insecure,
and defendant contending that the 2x4 strip, serving as

a handhold, was nailed on two other strips of 2x4, so as to leave a space of two inches between the handhold and the floor, and a foot in width. Considerable testimony was directed by both parties to this particular question. During the examination of a witness for plaintiff on the direct, the following stipulation was offered by plaintiff, and agreed to: "It is stipulated that the ladder in question, the same being the north ladder in said coal house, is in the same condition now that it was when originally constructed, and was in such condition at the time of the injury, and there has been no change in it since made, and that the ladder was constructed originally by defendant."

The particular question whether the handhold was nailed flat to the floor, or with the two-inch space, was made the turning point as to negligence so far as the handhold was concerned; and it appears that each party was so confident of being right that the stipulation was made. Later in the trial, some photographs, taken before the stipulation was made, were put in evidence, amounting to a practical demonstration that the handhold was not flat on the floor. At the conclusion of defendant's evidence, plaintiff moved the court for leave to withdraw so much of the stipulation as admitted that the ladder was as it was originally constructed, and, as a reason, stated that the admission was inadvertently made; that, within two or three days before making the stipulation, the handhold had been changed without his knowledge, and with intent to deceive him, and procure the stipulation. The court denied the motion, and the admission remained for the purpose of the case. Plaintiff, in his testimony, says that he knows of no other reason for his fall except that he could not grasp the handhold; and, although the petition contains other averments as to negligence, there is no proof of any other negligence causing the injury. Plaintiff alone knows how he came to fall, and he attributes his fall to

no other cause; and hence this particular charge of negligence became the controlling one. There are but two ways of accounting for a verdict for plaintiff in view of the record,—*First*, that the jury disregarded the stipulation of fact as to the handhold, or that it found that, after the stipulation, the handhold was changed. Appellee, in argument, practically concedes the latter. It is there said: "Was this handhold changed after the stipulation was entered into? The jury evidently thought so, for they certainly found that to be the case." There is not a particle of evidence on which such a finding could be based. The only evidence bearing on the question was that showing its condition before the stipulation was made; no evidence whatever of a change afterwards. The photographs and other evidence so fixed the fact that, when the stipulation was made, the handhold was not flat on the floor, that the motion to withdraw part of the stipulation concedes, in effect, that fact, and seeks to avoid it by a withdrawal. This the court refused, so that, as we view the record, the fact of defendant's negligence in the construction of the ladder and shed was disproven. It is this situation that necessitates the extreme resort of sustaining the verdict by assuming the jury to have found a fact of which there was no proof. Assuming, then, that the handhold was properly constructed, the only reason why it did not properly serve the purpose intended, at the time of the accident, seems to be that coal dust had accumulated under it, so as to prevent properly taking hold of it. Plaintiff was foreman of the coal house, and it was his duty to keep the appliances, if properly made, in suitable condition for use. *Stroble v. Railway Co.*, 70 Iowa, 555. The legal proposition is not questioned. If, then, the accident was caused by such accumulations, it was plaintiff's negligence that caused it. There seems to be nothing further

to elaborate. The point is made by appellant that the verdict is not supported by the evidence, and it seems to be well taken.

II. The court, in its first instruction, presents as an issue the negligence of the company in permitting the ladder to get out of repair, and remain so for an unreasonable length of time; and complaint is made because no such negligence is charged. It is true the negligence charged is only as to the construction originally, and there is reason to think the language was inserted through inadvertence, caused by some changes in the pleadings. We notice the point to avoid a repetition on another trial. The judgment is REVERSED.