## OKLAHOMA COAL CO. v. CORRIGAN.

No. 8623—Opinion Filed Sept. 11, 1917.

Rehearing Denied Dec. 4, 1917.

(168 Pac. 1024.)

(Syllabus.)

**1. Master and Servant—Mining Overseer—Statutory Duties—"Fellow Servants."**

By statute every operator of a coal mine in this state is required to employ a competent and practical inside overseer for each mine employing ten or more persons inside, to be called mine foreman, who shall have charge of the inside operations of the mine. These statutes also prescribe the qualification for such foreman and define his duties. Statutes examined, and held, that they require such foreman to devote the whole of his time to his statutory duties in the mine when in operation. Held, further, that such foreman is the servant and employe of the mine owner, and a "fellow servant" with a coal digger.

**2. Same—Instructions.**

Instructions examined, and held that the instructions of the trial court submitting

the question of the scope of the duty of inspection of the foreman to the jury for determination are erroneous and misleading and constitute reversible error.

### 3. Question of Fact—Contributory Negligence.

Section 6, art. 23, Williams' Constitution, provides: "The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact, and shall, at all times, be left to the jury."

### 4. Master and Servant — Mine Foreman's Contributory Negligence — Assumption of Risk—Questions for Jury.

The plaintiff, a mine foreman, in an action for personal injuries against the defendant, a mine owner, by whom he was employed, alleged facts sufficient to constitute primary negligence on the part of a fellow servant, for which, by virtue of section 36, art. 9, Williams' Constitution, the mine owner would be responsible. The defense was a general denial, assumption of risk, and contributory negligence on the part of the plaintiff. On the trial there was evidence adduced on the part of the plaintiff reasonably tending to establish the primary negligence alleged. There was also evidence conclusively showing that the plaintiff did not perform the duties of inspection cast upon him by statute. Held, that the question of contributory negligence or of assumption of risk on the part of the plaintiff are questions of fact to be submitted to the jury for determination under proper instructions.

### 5. Master and Servant — Intervening Negligence—Proximate Cause—Question for Jury.

Where negligence on the part of the master is shown, whether the intervening negligence of the person injured is a proximate cause of the injury is a mixed question of law and fact, and is, therefore, primarily one for the jury to determine under proper instructions. The court will not undertake to settle it in any case where it involves the weighing of conflicting evidence, the balancing of probabilities, and the drawing of inference.

### 6. Master and Servant—Master's Liability—Fellow Servants—Mining Company.

Section 36, art. 9, Williams' Constitution, is self-executing and abrogates the common-law doctrine of the fellow servant so far as it affects the liability of the master for injuries to his servant resulting from the acts or omissions of any other servant of the common master, as to every employe of every railroad company and every street railway company, and of every person, firm, or corporation engaged in mining in this state; and every such employe shall have the same right to recover for every injury suffered by him for the acts and omissions of any other employe of the common master that a servant would have if such acts or omissions were those of the master himself in the performance of a nonassignable duty.

### 7. Dismissal by Plaintiff—Statute.

Section 5126, Rev. Laws 1910, provides: "A plaintiff may, on the payment of costs and without an order of court, dismiss any civil action brought by him at any time before a petition of intervention or answer praying for affirmative relief against him is filed in the action. * * * Such dismissal shall be in writing and signed by the party or his attorney, and shall be filed with the clerk of the district court, the judge or clerk of the county court, or the justice, where the action is pending, who shall note the fact on the proper record: Provided, such dismissal shall be held to be without prejudice, unless the words 'with prejudice' be expressed therein."

### 8. Judgment—Res Adjudicata—Record.

Record examined, and held, that the trial court did not err in denying defendant's plea of res adjudicata.

Thacker and Miley, JJ., dissenting.

Error from District Court, Muskogee County; R. P. De Graffenried, Judge.

Action by James Corrigan, Jr., against the Oklahoma Coal Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded for a new trial.

William M. Matthews and E. R. Jones, for plaintiff in error.

B. B. Blakeney and J. H. Maxey, for defendant in error.

KANE, J. This was an action to recover damages for personal injuries, commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below. Hereafter the parties will be designated as "plaintiff" and "defendant," respectively, as they appeared in the trial court.

The defendant is a corporation engaged in mining coal, and the plaintiff was the inside overseer of the mine wherein he was injured, employed by the defendant, pursuant to section 3983, Rev. Laws 1910, which provides:

"Every operator shall employ a competent and practical inside overseer for each mine employing ten or more persons inside, to be called mine foreman, who shall have charge of the inside operations of the mine, and shall see that the provisions of this chapter are strictly enforced. Said mine foreman, or in case of his necessary absence, an assistant chosen by him, shall devote the whole of his time to his duties in the mine when in operation, and shall keep a careful watch over the ventilating apparatus and the air ways, traveling ways, timbering,

pumps and drainage, and shall often instruct, and, as far as possible see, that as the miners advance their excavations, all dangerous slate and rock overhead are taken down or carefully secured against falling therein, or on the traveling and hauling ways; and that sufficient props, caps and timbers of suitable size are sent into the mine when required, which props shall be cut square at both ends, and as near as practicable to a proper length for the places where they are to be used, and which props, caps and timbers, shall be delivered to the working force by company men."

The plaintiff was injured by a loose rock falling from the roof of room No. 12, mine No. 2, and striking him upon the back. The specific negligence on the part of the defendant upon which the plaintiff relies for recovery was the act of John Van Meter, a coal digger, in the employ of the defendant, who, in attempting to remove the loose rock from the roof of room No. 12, knocked out the prop or timber supporting the same late on the evening prior to the accident; it being his purpose either to take down the rock immediately, or so loosen it that it would drop to the floor during the following night. The rock, as it appears, did not fall in accordance with the expectations of the coal digger, but remained suspended in the roof of room No. 12 until 10 o'clock the next morning, when the plaintiff entered the room for the purpose of measuring some gobwork, without knowing of the conduct of the coal digger, when it fell upon him with the consequences detailed above.

The answer of the defendant was a general denial, contributory negligence, assumption of risk, and res adjudicata. Upon trial to a jury there was a verdict in favor of the plaintiff in the sum of $10,000, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

The grounds for reversal, as stated by counsel for defendant in their brief, are as follows:

(1) By statute the mine foreman is required to "keep a careful watch over the timbering" of a mine; to see that "all dangerous slate and rock overhead are taken down or carefully secured against falling." If he fails to do these things and is injured by loose rock falling from the roof, the accident must be attributed to the violation of his statutory duties, for which he cannot recover.

(2) The duties of a mine foreman are prescribed by statute, and he is required to devote the whole of his time to the performance of these duties, failure to do which renders him criminally liable. Since plaintiff predicates his action upon a violation of a criminal statute, he cannot recover.

(3) Even though the plaintiff had not been required by statute to make an inspection of the mine, and even though he had not been an expert in detecting dangers, his conduct in entering an underground excavation without looking to see if any dangers were apparent constituted negligence which was the direct and proximate cause of the injuries, for which he cannot recover.

(4) A mine foreman, under the Oklahoma Mining Act, is a vice principal, and represents, and stands in the place of, the master. He is not a fellow servant of the employes engaged in the mine, and if he sustains injury through the negligence of an employe, the company is not liable.

(5) The plaintiff is estopped from prosecuting this action, because, prior to the bringing of this suit, the superior court of Muskogee county held that the identical state of facts set forth in this petition was insufficient to base a cause of action upon.

At the time the plaintiff was injured he was in room No. 12 in the sixth north back entry, and was on his way to measure some gobwork for John Van Meter, the coal digger, who was working in that room. As disclosed by the instructions of the trial court and the briefs of counsel, the cause was tried below upon the theory that, the plaintiff having made the general inspection provided for by section 3988, Rev. Laws 1910, which requires the foreman or his assistant to visit and examine every working place in the mine at least once every day while the miners are, or should be at work, his statutory duties for that day were completed, and the question of whether it was his duty to make any further inspection before entering the mine to measure the gobwork was for the jury to determine. On this point the court instructed the jury as follows

"You are further instructed, that although you may find that the digger knocked down the prop or attempted to take down the rock the evening before, or did either of these acts, and you further find that the same constituted negligence as it is defined to you in these instructions, still you could not find a verdict for the plaintiff unless you also find from a fair preponderance of the evidence that he did not enter the room at the time he got injured for the purpose of making an inspection thereof, and that it was not his duty to make such inspection at the time of his injury. He claims that he entered the said room, not for the purpose of making an inspection, but upon other business, and that it was not his duty to make such inspection at the particular time that he was injured, and these are issues of fact for you to determine, and unless you find from a fair preponderance of the evidence that

he did not enter the room at the time for inspection, or it was not his duty to make such inspection at that time, or if you believe that the accident was caused by the plaintiff's own negligence, or contributory negligence, or if you believe he assumed the risk as explained to you in these instructions, then he could not recover, even though you further find, as above stated, that the digger did knock out this prop, and that the same constituted negligence."

We think this instruction is erroneous and misleading, and constitues reversible error. The scope of the duties of the foreman in the matter of inspection, as we have seen, is prescribed by the statute, and whether it was his duty to make an inspection of room No. 12 before entering the same at the time he was injured turns upon the construction to be given to the two sections of the statute hereinbefore cited, and is a question of law for the court. In our judgment there is no ambiguity in the statutes on this point. Section 3983 requires the mine foreman to—"devote the whole of his time to his duties in the mine when in operation and shall keep a careful watch over the * * * traveling ways, timbering and * * * as far as possible see, that as the miners advance their excavations, all dangerous slate and rock * * * are taken down or carefully secured against falling therein."

Section 3983, supra, merely prescribes the minimum duty cast upon the foreman, and in no way limits or modifies the plain meaning of the positive language used in the first section. The state, in the exercise of its police power, has seen fit to require every mine operator to employ a competent and practical inside overseer, and to prescribe his duties, for the purpose of safeguarding those engaged in the hazardous occupation of mining. Whilst it is barely possible that the foreman may be required by the master to perform certain other duties than those prescribed by the statute, it is entirely clear that such duties must not be of such a nature as to interfere with the performance of the duties required of him by law. Plaintiff claims that he had made the general inspection required by section 3988, and that he was injured while measuring some gobwork before the time for the next daily inspection arrived, and therefore at a time when no statutory duty of inspection rested upon him. We cannot for a moment concede the correctness of this contention. We are clearly of the opinion that in going from one part of the mine to another, whether for the purpose of measuring gobwork, or the performance of any similar duty, he is always a foreman with the ob-

ligation of inspection required of him by section 3983, supra, resting upon him. In the language of the statute itself:

"He shall devote the whole of his time to his duties in the mine when in operation."

This means his statutory duties which require him always to keep a careful watch over the timbering, and as far as possible see that as the miners advance their excavations all slate and rock overhead shall be taken down or secured against falling, and constantly to see that every working place is properly secured by props or timbers, and that no persons shall be directed or permitted to work in an unsafe place, unless it might be, for the purpose of making it safe. The mandatory character of these statutory directions is further emphasized by section 3991, Rev. Laws 1910, which provides:

"The mine foreman shall attend personally to his duties in the mine and carry out all the instructions set forth in this chapter, and see that the regulations prescribed for each class of workmen under his charge are carried out in the strictest manner possible, and see that any deviations from or infringements of any of them are promptly adjusted."

And section 4014 provides that:

"The neglect, failure or refusal to perform any of the duties required by any section of this chapter * * * shall be a misdemeanor."

When all of these statutes are considered together, there is no escape from the conclusion that it was the duty of the plaintiff to inspect room No. 12 and the adjacent entry before entering the same for the purpose of measuring the gobwork, and that not so doing constitutes a violation of the foregoing statutes. The construction placed upon the statutes by the trial court, it seems to us, would invite looseness in the performance of the important duties cast upon the foreman by creating uncertainty as to their exact scope; and leaving it for the jury to determine whether inspection at any particular time is required would add an element of uncertainty as to the liability of the operator in cases for personal injuries by miners and other employes engaged in this very hazardous class of labor, based upon the neglect of the foreman in the performance of his statutory duties.

Now, from this viewpoint let us examine the remaining assignments of error.

Counsel contend that inasmuch as it was the statutory duty of the plaintiff to

always keep a careful watch over the timbering of the mine, and as far as possible see that all slate and rock is taken down or secured against falling, the accident must be attributed to the violations of his statutory duty, and therefore the trial court erred in not sustaining his motion for a directed verdict. No doubt, this would be true in jurisdictions where the the court is at liberty to pass upon the question of\ contributory negligence as a matter of law, or in cases where the primary negligence alleged is failure to in-·· spect on the part of the master. The cases cited by counsel conclusively show that the rule they contend for is universally applied in such jurisdictions. Crawford v. Fayetteville Lumber, etc., Co., 212 Fed. 107, 128 C. C. A. 623; Flood v. Western Union Tel. Co., 131 N. Y 603, 30 N. E. 196; Smith v. Drake, 125 Pa. 501, 17 Atl 449; Langdon- Creasy Co. v. Rouse, 139 Ky. 647, 72 S. W. 1113, Ann. Cas. 1912B, 292, The cases cited to the effect that, where a foreman or boss is given supervision over a particular work, charged with the duty of inspecting the same, and he fails to make such inspection and is injured by the very objects and instrumentalities over which his power extends, are also from jurisdictions where the general rule as to contributory negligence prevails. Mann v. Phoenix Brick & Const. Co., 151 Mo. App. 580, 132 S. W. 19; New Omaha, etc., Elec. Light Co. v. Rombold, 68 Neb. 54, 93 N.W. 966, 97 N. W. 1030; Stroble v. Chicago, etc., Ry. Co. 70 Iowa, 555, 31 N. W. 63, 59 Am. Rep. 456; Conway v. Chicago, etc., R. Co., 103 Iowa, 373, 72 N. W. 543; Wood v. New York, etc., Co., 184 N. Y. 290, 77 N. E. 27.

Without attempting to distinguish these cases from each other, or from the case at bar, it is sufficient to say that, in view of our constitutional provision (section 6, art. 23, Williams' Constitution) which provides, "The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact, and shall, at all times, be left to the jury," the courts of this state are never at liberty to direct a verdict in favor of the defendant, upon the ground that the plaintiff is guilty of contributory negligence as a matter of law, or that the facts conclusively show that he assumed the risk. These in all cases whatsoever must be considered as questions of fact to be left to the jury. St. Louis & S. F. R. Co. v Hart, 45 Okla.. 659, 146 Pac. 436.

Counsel for defendant seem to contend that, apart from the question of contributory negligence, the court would be justified in saying that the plaintiff is not entitled to recover as a matter of law, by a correct application of the rule sanctioned by Labatt (4 Labatt, Master & Servant, § 1340) and Thompson (Thompson on Negligence, § 4416) to the effect that an employe cannot recover damages from an employer · for an injury proceeding from a defect in something for the safe condition of which the employe himself was responsible. We have examined nearly all of the authorities cited by the learned authors in support of the text, and find thot they fall easily into two general classes. In one class, of which Gleeson v. Excelsior Mfg. Co., 94 Mo. 201, 7 S. W. 188, is a good example, and which counsel say is directly in point nere, the court denies the plaintiff the right of recovery upon the ground that the injured person was guilty of contributory negligence as a matter of law. In the other class, illustrated by Stewart v. Savannah Elec. Co., 133 Ga. 10, 65 S. E. 110, 17 Ann. Cas. 1085, recovery is denied upon the ground that no primary negligence on the part of the master was shown. In the latter case, as in the one at bar, positive acts of negligence on the part of the master were alleged, but, unlike this case, were not proven. The negligence alleged was charged against a servant of the defendant, and consisted in removing a plank which covered an opening and neglecting to replace it in its accustomed place. The testimony did not reveal the identity of the person who removed the plank, nor under what circumstances it was taken out of place. The court held that, in order for vne plaintiff to establish a right of recovery, he was bound to prove either that the defendant's servants removed the plank, or knew that it had been removed and not replaced, or that the hole in the steps remained uncovered for such length of time as to impute notice of its condition to the master, and that, inasmuch as it was not shown that any servant or representative of the defendant knew that the plank had been removed, the duty of inspection being upon the plaintiff, any negligence growing out of a failure to inspect was the plaintiff's negligence. For obvious reasons, neither class of cases furnish authority for the application of the rule invoked to the case at bar.

It is generally held, and it is also the rule in this jurisdiction, that where the Legislature of the state, or the council of a municipal corporation, having in view the promotion of the safety of the public, or of individual members of the public, commands or forbids the doing of a particular act, failure to do the act commanded, or

the doing of the act prohibited, is negligence as a mere matter of law, otherwise called negligence per se, and this irrespective of the question of the exercise of prudence, diligence, care, or skill; so that, if it is the proximate cause of hurt or damage to another, and if that other is without contributory fault, the case must be decided in his favor, and all that remains to be done is to assess his damages. Thompson, Commentaries on the Law of Negligence, § 10. And by parity of reasoning it may be concluded, as a general proposition, that a violation by the person injured of such a statute or ordinance will be deemed negligence per se on his part, and if it directly contributes to the injury, it will preclude him from recovering damages. Id. § 204. It is therefore quite likely that, if it were not for the constitutional provision hereinbefore cited, it would have been the duty of the trial court to instruct the jury that the violation of the statute by the plaintiff was not merely evidence of contributory negligence, but a conclusive bar to his recovery. Young v. Chicago, etc., Co., 100 Iowa, 357, 69 N. W. 682; Broschart v. Tuttle, 59 Conn. 1, 21 Atl. 925, 11 L. R. A. 33.

Thus far we have proceeded upon the theory that the foreman employed by an owner of a coal mine, pursuant to our statute, is a servant of the latter, and so the weight of authority seems to hold. Colorado Coal, etc., Co. v. Lamb, 6 Colo. App. 255, 40 Pac. 251; Lineoski v. Susquehanna Coal Co., 157 Pa. 153, 27 Atl. 577; Voshefskey v. Hillside Coal, etc., Co., 21 App. Div. 168, 47 N. Y. Supp. 386; Williams v. Thacker Coal & Coke Co., 44 W. Va. 599, 30 S. E. 107, 40 L. R. A. 812; Alaska Mining Co. v. Whelan, 168 U. S. 86, 18 Sup Ct. 40, 42 L. Ed. 390; Deserant v. Cerrillos, etc., Co., 9 N. M. 495, 55 Pac. 290; Morgan v. Carbon Hill Coal Co., 6 Wash. 577, 34 Pac. 152, 772; Petaja v. Aurora Iron Mining Co., 106 Mich. 463, 64 N. W. 335, 66 N. W. 951, 32 L. R. A. 435, 58 Am. St. Rep. 505; Delaware & Hudson Canal Co. v. Carroll, 89 Pa. 374.

We have not had opportunity to examine all the statutes considered in the foregoing cases, but all seem to be similar and a few precisely the same in meaning as our own. In the Pennsylvania case above cited (Lineoski v. Susquehanna Coal Co., supra) it was held:

"The mining boss required by the act of 1885 (P. L. p. 239) to be employed by mine owners, with prescribed duties relative to the care and inspection of mines, is a fellow servant with the miners at work in the mine, and, if the owners have exercised reasonable care in the selection of a mining boss, they are not liable for injuries to workmen resulting from his negligence."

Section 36, art. 9, Williams' Constitution, in part provides:

"The common-law doctrine of the fellow servant, so far as it affects the liability of the master for injuries to his servant, resulting from the acts or omissions of any other servant or servants of the common master, is abrogated as to every employe of every railroad company, and every street railway company or interurban railway company, and of every person, firm, or corporation engaged in mining in this state; and every such employe shall have the same right to recover for every injury suffered by him for the acts or omissions of any other employe or employes of the common master that a servant would have if such acts or omissions were those of the master himself in the performance of a nonassignable duty. * * *"

By this section, which is self-executing, the coal digger as a factor in the case is eliminated, and the case of plaintiff stands precisely as if the acts of negligence complained of were those of the defendant itself. In these circumstances the injured servant would be entitled to recover if the primary negligence charged was found to be the proximate cause of his injury, unless it was further found that he assumed the risk or was guilty of contributory negligence, and these, as we have seen, are all questions of fact to be submitted to the jury under proper instructions.

Generally, where negligence on the part of the master is shown, whether the intervening negligence of the person injured is a proximate cause of the injury is a mixed question of law and fact, and is therefore primarily one for the jury to determine under proper instructions. The court will not undertake to settle it in any case where it involves the weighing of conflicting evidence, the balancing of probabilities, and the drawing of inference. 4 Labatt, Master and Servant (2d Ed.) § 1572.

The remaining assignment of error necessary to notice we think is without merit.

The record shows that prior to the commencement of this action the plaintiff filed a petition in the superior court, alleging substantially the same facts set out in the petition herein, to which a demurrer was sustained by the court, and an order made giving the plaintiff time to amend. Before the expiration of the time granted to amend the plaintiff filed an amended petition.

·Thereafter, and while the amended petition was pending, plaintiff filed a dismissal of the case without prejudice, at the time paying all costs which had accrued in the case. Section 5126, Rev. Laws 1910, provides that:

"A plaintiff may, on the payment of costs and without an order of court, dismiss any civil action brought by him at any time before a petition of intervention or answer praying for affirmative relief against him is filed in the action. * * * Such dismissal shall be in writing and signed by the party or his attorney, and shall be filed with the clerk of the district court, the judge or clerk of the county court, or the justice, where the action is pending, who shall note the fact on the proper record: Provided, such dismissal shall be held to be without prejudice, unless the words 'with prejudice' be expressed therein."

In view of this statute, it seems to us it cannot be said that the court erred in denying the defendant's plea of res adjudicata.

From what we have said elsewhere in this opinion, it is clear that the case was tried below upon an erroneous theory as to the scope of the foreman's duty of inspection under the law. Therefore it will be necessary to reverse the judgment of the court, and remand the cause for a new trial, in order that it may be submitted to the jury under proper instructions as to the law.

It is so ordered.

All the Justices concur, except THACKER and MILEY, JJ., who dissent, and OWEN, J., absent.