## EVERETT v. GREEN.

No. 26990.   Feb. 9, 1937.

Rehearing Denied March 9, 1937.

H. V. Lewis (Bob Howe, of counsel), for plaintiff in error.

Park Wyatt and Byron Lamun, for defendant in error.

WELCH, J. This is an appeal from an order and judgment of the district court of Pottawatomie county sustaining defendant's objection to the introduction of any evidence on the ground that the petition failed to state facts sufficient to constitute a cause of action, and on the additional ground that the matters and things alleged in the petition were formerly and completely adjudicated between the parties in a former action. The parties appear here as they appeared in the trial court, and will be referred to as plaintiff and defendant.

The material facts are that the minor niece of plaintiff was injured by an automobile driven by defendant's son. After the injury the defendant entered into a contract or agreement with plaintiff's niece, by the terms of which he agreed to pay certain medical, hospital, and other expenses of the injured party, the agreement purporting to release said defendant from any liability by reason of the accident. Subsequent to the execution of this written instrument the in-

jured person assigned the contract to plaintiff, allegedly for the purpose of obtaining funds to pay her medical and hospital bills.

About two months thereafter Mrs. Everett, as next friend of the minor niece, instituted in the district court of Pottawatomie county an action against the defendant for damages based upon the injury referred to. Such action was filed in October, 1929, and was, on the 12th day of August, 1933, dismissed for want of prosecution by the following order:

"Now, on this 12th day of August, 1933, the above matter coming on for hearing on the motion of the defendants to dismiss the above cause for want of prosecution and the court hearing said motion and having examined the records and files herein, finds the same is well taken and should be sustained and said cause dismissed.

"It is therefore, by the court, considered, ordered and adjudged that this cause be and the same is hereby dismissed for want of prosecution at the cost of the plaintiff."

The instant action was commenced by plaintiff on the 13th day of June, 1934, and seeks recovery on the contract entered into by defendant with the injured person, and assigned to plaintiff, as above stated.

Upon the question whether the judgment of dismissal in the former suit is a bar to the present action, or res judicata, we observe that one of the essential elements of a plea of res adjudicata is that the former judgment must have been upon the merits of the cause.

In Ellison v. Hodges, 71 Okla. 16, 174 P. 1089. the elements of the plea are enumerated in paragraph one of the syllabus as follows:

"In order to constitute a good plea for res judicata, the following elements should be apparent: First, the parties or their privies must be the same; second, the subject matter of the action must be the same; third, the issues must be the same, and must relate to the subject matter; fourth, the capacities of the persons must be the same in reference to the subject matter and to the issues between them."

We deem it necessary to first consider whether the order dismissing the former cause was a judgment upon the merits thereof. Was the dismissal of the former cause for lack of prosecution a judgment upon the merits so as to constitute a bar to a subsequent action and sufficient to supply that necessary element in a plea of res judicata? Counsel have furnished us with no authorities upon the exact point. It does not seem

that this court has passed upon the exact question, although we have decisions of this court wherein it appears to be assumed that a termination of a former action under somewhat similar circumstances would not bar the subsequent suit. See Oklahoma Coal Co. v. Corrigan, 67 Okla. 90, 168 P. 1024, and Stuckwish, Adm'r, v. St. L. S. F. Ry. Co., 177 Okla. 361, 59 P. (2d) 285. That such a dismissal will not support the plea of res judicata appears to be held generally. An apt statement of the law in this regard is found in 34 C. J. 795, paragraph 1215, as follows:

"The dismissal of a bill in equity or of an action at law, not on the merits, but because plaintiff declines further prosecution of it, has as a rule no greater effect than a nonsuit, and is no bar to a subsequent suit founded on the same matters, in the absence of a statute or rule of practice to the contrary."

The quoted text is supported by a strong array of authorities to be found in the footnotes, including Mills v. Pettigrew, 45 Kan. 573, 26 P. 33, which case in turn follows the former Kansas case of Smith v. Auld, 1 P. 626. In the latter case we find an apt statement concerning the doctrine of res judicata as follows:

"The whole philosophy of the doctrine of res adjudicata is summed up in the simple statement that a matter once decided is finally decided, and all the learning that has been bestowed, and all the rules that have been laid down, have been for the purpose of enforcing that one proposition."

And the opinion is replete with distinguished authorities discussing the rule generally. We conclude from the cited authorities that termination of the former case herein discussed by the order of dismissal for want of prosecution was not a determination upon the merits and is not sufficient to support the conclusion of the trial court that the doctrine of res judicata is applicable in the instant case.

But it is urged that the plaintiff is barred from maintaining the instant cause upon the doctrine of equitable estoppel. It is insisted that the plaintiff's action in bringing the former suit was a voluntary waiver or repudiation of the contract under which she now claims. It is apparent that the action in tort brought on behalf of the minor was necessarily inconsistent with the contract sued upon herein. In this connection the defendant cal's our attention to Revel v. Pruitt, 42 Okla. 696, 142 P. 1019, wherein this court held that the bringing of an ac-

tion by the father of a minor child as next friend would estop the father from subsequently maintaining an action to recover such damages for his own use. The case in some respects is similar to the fact situation here, but we observe in that case that the action on behalf of the minor was prosecuted to a final judgment on the merits. The essential elements of estoppel and the bar of a former judgment are discernible in the Revel Case. The conduct of the father there constituted a waiver to thereafter assert that the child had not been emancipated. Had the former case under discussion here proceeded to final judgment on the merits, the Revel Case would be more nearly in point herein.

It does not appear that plaintiff's conduct in assisting in the commencement of the prior action should justify the conclusion that she thereby irrevocably waived her rights under the contract, or that such conduct resulted in any injury to defendant.

In Texas Company et al. v. Petitt, 107 Okla. 243, 220 P. 956, in paragraph 4 of the syllabus, it was held as follows:

"The essential elements of an 'equitable estoppel' are: First, there must be a false representation or concealment of facts. Second, it must have been made with knowledge, actual or constructive, of the real facts. Third, the party to whom it was made must have been without knowledge, or the means of knowledge, of the real facts. Fourth, it must have been made with the intention that it should be acted upon. Fifth, the party to whom it was made must have relied on or acted upon it to his prejudice. The representation or concealment mentioned may arise from silence of a party under imperative duty to speak; and the intention that the representation or concealment be acted upon may be inferred from circumstances."

The defendant here has failed to point out wherein such conduct of plaintiff led him to take any action to his prejudice.

The defendant also asserts that the plaintiff is estopped upon the theory of election of remedies and is guilty of laches in the premises. In this respect it may also be said that the defendant has failed to show where the election, if there be such here, or the delay has operated to his disadvantage, or that such election or delay should operate as an estoppel upon any consideration of public policy.

It appearing from our consideration of the entire argument and authorities presented by counsel in their respective briefs that the trial court erred in sustaining the

objection to the introduction of testimony, such action of the court is reversed, and the cause is remanded, with instructions to overrule the objection to the introduction of evidence and take such further proceedings as may be consistent with this opinion.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS and HURST, JJ., concur.